# BURRELL TOWNSHIP v. ALBERT UNCAPHER ET AL.

ERROR TO THE COURT OF COMMON PLEAS OF ARMSTRONG COUNTY.

Argued October 12, 1887—Decided November 7, 1887.

1. In an action brought by husband and wife, in right of the wife, and to recover damages for injuries to her, the husband is not such a party to the record as will entitle the defendant to call him as for cross-examination, or to prove his declarations against his wife's interest.
2. If, in consequence of the negligence of a township to keep and maintain a public highway in a reasonably safe condition, an injury has been sustained by the plaintiff, it is no defence that the injury was caused by the combined effect of the negligence of the township and a negligent act of a third person.

Before GORDON, C. J., PAXSON, STERRETT, GREEN and WILLIAMS, JJ.; TRUNKEY and CLARK, JJ., absent.

No. 104 October Term 1887, Sup. Ct.; court below, No. 115 September Term 1885, C. P.

A summons in case for negligence was issued on July 2, 1885, in a suit by Albert Uncapher and Hannah Uncapher, his wife, in right of said wife, against the township of Burrell. The plea was not guilty.

At the trial, on March 19, 1887, before JAMES B. NEALE, P. J., the following facts appeared: On Saturday evening, September 22, 1883, the owners thereof had left a steam thresher standing at the road-side at or near the foot of a hill down which the public highway came. On the afternoon of the next day, Sunday, Mr. and Mrs. Uncapher were returning

from a visit to the wife's father, in a light spring wagon drawn by one horse. The husband was driving, and with him on the front seat was his son, a lad of twelve years, while the wife, with a little girl and a babe, occupied the rear seat. The grade of the hill was rather steep, but the road-bed was in good condition, and at the place of the accident was at least nineteen feet wide. At the right side of the road, coming down the grade, there was a steep declivity extending along down to a bridge below where the steam thresher stood and unguarded by barriers; on the left was the hill-side. From the wheels of the engine to the edge of the road the distance was twelve feet. The horse was being driven at a walk down the hill, when, as the party came to a point near the foot of the hill, the horse suddenly became frightened at the thresher and sprang to the right partly over the declivity. The husband, a blacksmith by trade, familiar with the management of horses, tightened the wagon lock and endeavored to keep the horse upon the road-bed by drawing upon the left line; but the horse, becoming unmanageable, made a second plunge and went over the precipice, upturning the wagon and dragging it to the bottom. The wagon fell upon Mrs. Uncapher, causing severe injuries. The thresher was unobserved by the occupants until the horse frightened. The next year after the accident the supervisors of the township placed a rail barrier along the edge of the highway.

In the course of the trial, Joseph Beck sworn: Plaintiffs proposed to show by this witness that he had a conversation with G. W. Wilcox, one of the supervisors of the township before the accident occurred, and that he notified the supervisor of the dangerous character of the road, and told him that it should be guarded. Objected to, because there was no limit to any particular part of the road. Objection overruled; exception.[1] The witness testified in support of the offer.

William Fry, called for defendant, sworn: Q. Had you a conversation with Mr. Uncapher in reference to where the accident happened? Objected to as incompetent. By the court: It appearing that the action in this case is brought for the recovery of damages for injuries sustained by the plaintiff and for her own account and in her own right and that the wife is the real party and the husband a party ex necessitate

rei, he is not such a party on the record that his declarations made against the interest of the real party may be proven. The offer is overruled; exception.[2]

Isaac Schall, called for defendant, sworn: Defendant proposed to show by the witness the declaration of Albert Uncapher, a plaintiff on the record, in the evening of the day of the accident, in answer to a question as to how the accident occurred, that the horse had scared at the engine and went off the road. Objected to. Objection sustained; exception.[3]

Albert Uncapher, called as if on cross-examination, for defendant. Plaintiffs objected, (1) because the witness was the husband of the plaintiff in interest, joined as a party for the sake of uniformity only, and not to give force or validity to the cause of action, and (2) because incompetent to be called as a witness against the interests of his wife, the principal party to the record. Objections sustained; exception.[4]

Thomas T. Jackson, sworn: Defendant offered to prove a conversation of the witness with Albert Uncapher, since the accident, in which said plaintiff told witness that it was caused by the horse getting frightened at the engine and that he, the said Uncapher, pulled the wrong line or the horse would not have gone over the bank, nor the accident occurred. Objected to by the plaintiffs. Objection sustained.[5]

The plaintiffs requested the court to charge:

1. If the road at the place of this disaster was so dangerous by reason of its proximity to the precipice, that common prudence required extra precaution in the way of the erection of guards or barriers therealong, in order to insure the safety of the traveling public, it was the duty of the officers of the defendant to have the same erected, and if the jury should find from the evidence that the absence of such guards or barriers therealong was the proximate cause of the disaster and injury to Mrs. Uncapher, their verdict should be for the plaintiff.

Answer: Affirmed if the jury find that the plaintiff did not negligently contribute to the accident.[8]

2. If the jury find from the evidence that a guard or barrier along this very dangerous piece of road was necessary, and that the erection of a proper guard or barrier therealong from the place where the horse took fright on to where the accident occurred and on past where the engine stood, would

have enabled the driver to stop the horse or in any manner have prevented the disaster, and that the absence of such guard or barrier was the proximate cause, or one of the proximate causes thereof, then their verdict should be for the plaintiffs.

Answer: Affirmed if the jury find that the road at the place of the accident was dangerous and required barriers, and that the absence of such barriers was a proximate cause of the accident and that the plaintiff did not negligently contribute to the accident.[9]

3. If the jury find from the evidence that the negligence of the defendant's officers in failing to guard this very dangerous piece of road, was the proximate cause of the injury to the plaintiff; the fact that the injury was caused immediately by the negligence of Beck and Hileman in leaving this engine by the roadside would not exonerate the defendant, and their verdict should be for the plaintiffs.

Answer: Affirmed if the jury find that the accident resulted from the negligence of the defendants, and that the result of such negligence was a proximate cause of the accident, and that the plaintiff did not negligently contribute to such accident. As I said before, gentlemen, the fact as to the road being dangerous is entirely left to the jury under the evidence.[10]

4. If the jury should find from the evidence, that the attention of the township authorities was called directly to this as a very dangerous piece of road, and to the necessity of a guard along the side of the road next the precipice, before the accident occurred, and they neglected to protect the same by such guard; that the same result was likely to have followed from the fright of a horse from any cause; that ordinary prudence required such authorities to guard the same against the contingency of such fright, and that the failure to erect such guards was a proximate cause of the disaster, their verdict should be for the plaintiffs.

Answer: Affirmed if the jury find that the plaintiff did not negligently contribute to the accident, and that the road at that place was dangerous, and the place over the road was a precipice or was in itself of such dangerous character as should have commanded the attention and the protection of the supervisors.[11]

Defendant's Points.

The defendant requested the court to charge:

1. That if the jury find from the evidence in the case, that the engine or obstruction which is alleged to have been the cause of the fright of the horse driven by the plaintiffs, was the proximate cause of the accident, and that said engine or obstruction was left on or near the public road on Saturday night about or after dark, before the accident next day, without the knowledge or consent of the township road supervisors, then there was no negligence on the part of the defendant, and the plaintiffs cannot recover.

Answer: This point is affirmed if the jury find there was no negligence on the part of the township, and that the negligence on the part of the township was not the proximate cause of the injury.[12]

2. That if the jury find from the evidence, that the passage of the road down the hill, from or near the point where the plaintiffs' horse scared, in the absence of any barriers, was openly and obviously dangerous at or near the place where the engine or obstruction was, then it was the plaintiffs' duty either to go by some other route, or get down from the wagon and walk past the obstruction, rather than recklessly expose themselves and children to a danger which was imminent; and if they find from the evidence no such attempt was made, then they voluntarily undertook to brave the danger and cannot recover.

Answer: This point is affirmed if the jury find the facts as stated and that the plaintiff, Mrs. Uncapher, could have had sufficient notice of the imminence of the danger and could have had opportunity and means of alighting from the wagon. But any negligence on the part of the husband not avoidable by the wife should not be considered as negligence of the wife.

3. That negligence is not to be presumed from the mere occurrence of an accident, and if the jury believe from the evidence, that the horse the plaintiff was driving, was frightened at the engine or obstacle standing at the side of the road in front of them, and by means of such fright the horse became unmanageable and run or went off the road and overturned the wagon and injuries resulted therefrom; if they so find, then the proximate cause of the accident was the engine or

obstruction, and unless the township supervisors authorized that obstruction to be left on the road or knew it was left in the place where it stood at the time of the accident, the defendant is not liable and the plaintiffs cannot recover.

Answer: This point is affirmed so far as it applies to the engine being a proximate cause; but we decline to affirm as a matter of law that it was the only proximate cause.[13]

4. The plaintiffs having alleged in their declaration that the cause of the accident was the "horse taking fright at the obstruction," and one of the plaintiffs, Mrs. Uncapher, having testified that "the horse took fright at or near the engine in the road and ran over the bank," the jury ought to find from the evidence, the engine to have been the proximate cause of the injuries received, and their verdict should be for the defendant.

Answer: This point is affirmed, as explained in answer to the third point.[14]

6. That under all the evidence in the case the plaintiffs are not entitled to recover, and the verdict should be for the defendant.

Answer: That point is refused.[15]

So answering the points presented the court further charged the jury, inter alia:

We have thus far instructed you with reference to the first element in the case, that is, that the township must have been negligent before any recovery could be had against it. In the next place if you should find that the township was negligent, was its negligence the proximate cause of the accident which befell those people? Because, although it may have been negligent, unless that was the proximate cause of the accident, you would not be justified in finding a verdict against it. And with respect to that we give you this definition of proximate cause: "In determining what is proximate cause the true rule is that the injury must be the natural and probable consequence of the negligence, and such consequence as under the surrounding circumstances of the case might or ought to have been foreseen by the wrong-doer as likely to follow from his act." What is meant by proximate in another sense, is that it must be the direct and immediate and nearest cause producing the accident. Because, if there is another cause that produced the

Charge of Court below.

accident that is more immediate and more direct in producing it, although there may have been negligence on the part of the township in this case, yet if there is another cause that was the immediate or direct and proximate cause of the accident, then the plaintiff cannot recover. It is hardly disputed that the presence of that engine was a producing cause of the accident, and it will be for you to determine, gentlemen of the jury, if you reach a conclusion that the defendants were guilty of negligence, whether or not the placing of that engine there or its presence there was the only proximate cause or not. [If you find that the defendants were negligent and their negligence concurred with the negligence of whoever placed that engine there, then there would be, and you would be justified in reaching the conclusion that two causes were jointly proximate, concurrently proximate, and if you should find that to be the case, then you have to consider under the other instructions that we have given you, whether or not the plaintiff is entitled to recover.][6]

This case possibly involves the relation of husband and wife, namely, in the aspect of contributory negligence, and whilst the action necessitates the joinder of the name of the husband and wife as parties plaintiff, yet the wife is the real party in interest and the consideration of the jury must be directed to her separate right of recovery for injuries exclusively sustained by her. [At the time of the accident she was a passenger of the wagon under the direct control of the husband, and if his conduct was negligent and such negligence produced the injury or was the direct cause of it, then it being the proximate cause, she cannot recover in this action ; but if his act was not the producing cause of the accident, but was independent of the wife and it was by no fault on her part, whatever, the accident occurred, then the neglect of the husband is not to be imputed to her and you are then to determine the question of the right to recover upon the simple question of negligence, so far as it is brought home to the township, as the proximate and immediate cause of the injury.][7]

And in that respect, gentlemen, we instruct you that no difference how negligent the township may have been, if you find that it was negligent, no difference to what extent that negligence may have been, yet if there was any negligence on

the part of this woman, the plaintiff, that contributed to the accident, or as is defined, if there was on her part a want of reasonable care under the circumstances, contributing to the accident, she cannot recover. And then · you have to consider the question of how she was situated, whether she had it in her power and whether she was able to have avoided this accident or not so far as she was concerned. Upon the first appearance of danger it would have been clearly her duty, if the danger was imminent and she had means of avoiding it, to have done so by getting out of the wagon if she could have done so.

Now the question of negligence on her part, so far as avoiding the accident, must be considered by you with respect to her means and her opportunities of avoiding that accident. If she had the means of her own of avoiding the accident and did not act carefully and cautiously, then she contributed to it herself, and if she did so she cannot recover. If you find that her negligence, independent of her husband, contributed to the accident, then there can be no recovery in this case. If you find again that the presence of this engine was not there by the direction or with the knowledge of the supervisors of the roads of that township, and came there on Saturday night and remained there only during Sunday, that fact cannot and ought not to be imputed to the overseers of the township; because they must have reasonable notice of the presence of the obstruction upon the highway before they can be expected to take action towards its removal.

The verdict of the jury was in favor of the plaintiffs for $20 and, judgment being entered, the defendant took this writ, assigning for error:

1. The admission of the plaintiffs' offer.[1]
2–5. The exclusion of the defendant's offers, [2 to 5]
6, 7. The parts of the charge embraced in [ ][6] [ ][7]
8–11. The answers to the plaintiffs' points. [8 to 11]
12–15. The answers to defendant's points. [12 to 15]

*Mr. David Barclay* (with him *Mr. J. P. Coulter*), for the plaintiff in error:
[The first assignment of error was not pressed.]
1. The road-bed was at least nineteen feet wide and in good

condition; plenty of room to pass; the law does not require such roads to be protected by barriers: Perry Township v. John, 79 Pa. 412. It was negligence on the part of the plaintiffs not to have the horse stopped and get out, or not to get out when the horse was stopped: Forks Township v. King, 84 Pa. 230; Carlisle v. Brisbane, 113 Pa. 544; their duty was to avoid the danger: Pittsb. South. Ry. Co. v. Taylor, 104 Pa. 306: Erie City v. Magill, 101 Pa. 616; Crescent Tp. v. Anderson, 114 Pa. 643.

2. The court should have affirmed our fourth point, and should have instructed that the jury ought to find from the evidence that the steam-thresher was the proximate cause of the injuries. There cannot be more than one proximate cause. Two causes may be equally near, but one only can be nearest. The law is logical and confines itself to *the* proximate cause of the injury, which was the presence of the steam-thresher. The defendant's first and fourth points should have been squarely affirmed: Phil. & R. R. Co. v. Schertle, 97 Pa. 454; Lockhart v. Lichtenthaler, 46 Pa. 151.

*Mr. J. M. Hunter* (with him *Mr. E. S. Golden* and *Mr. H. L. Golden*), for the defendants in error:

1. The defendant was not entitled to call the husband to testify as if under cross-examination against his wife. The proviso of § 2, act of 1869, not only declaratory of the old law but also an absolute legislative construction that in that particular the old law was not to be changed, proceeds: " This act shall not alter the law . . . . . so as to allow husband and wife to testify against each other." Again; the husband is but a formal, not a real party, and therefore he may neither be called to testify against his wife who is the real party, nor may his declarations be proved against her: Pleasanton v. Nutt, 6 Cent. R. 417; Yeager v. Weaver, 64 Pa. 425; Pringle v. Pringle, 59 Pa. 288.

2. Two causes may be jointly proximate, concurrently proximate: Weakly v. Royer, 3 W. 460; Bard v. Yohn, 26 Pa. 482; Little Schuylkill Nav. Co. v. Richards, 57 Pa. 142; Whart. Neg. 395; Carlisle Bor. v. Brisbane, 113 Pa. 544; Lancaster City v. Kissinger, 1 Penny. 250; and in charging as complained of in the seventh assignment the court simply followed Carlisle Bor. v. Brisbane, supra.

OPINION, MR. JUSTICE GREEN:

The several assignments of error which relate to the admissibility of the plaintiff's husband as a witness and of his declarations against her, may be considered together. The action was brought in the names of the husband and wife, but in right of the wife, and for the recovery of damages for an injury sustained by her. It was her action and she was the plaintiff. The husband was merely joined in his capacity as husband and to conform to the rules of pleading. In such circumstances when called to testify against his wife he cannot be regarded merely as a party to the record in order to make him competent as a party called for cross-examination. He is a formal and not a real party, and as the purpose of the offer was to elicit from him testimony adverse to the claim of his wife, he must be regarded as incompetent to deliver such testimony. The same is true as to declarations made by him. They could not be given in evidence against his wife. This disposes of the second, third, fourth and fifth assignments.

There was no error in admitting proof of notice to Wilcox, one of the supervisors, of the dangerous character of the road, and therefore the first assignment is not sustained.

The assignments numbered six to fourteen, both inclusive, relate to the subject of proximate cause and may be considered together. In our judgment, no question involving the distinction between proximate and remote cause arises in this case. The defendant owed a duty to the plaintiff as one of the public to keep a reasonably safe road at the place where this accident happened. If that was not done, the omission was an act of negligence on the part of the defendant, and if, in consequence of that negligence, an injury was sustained by the plaintiff, the defendant is responsible in damages to the plaintiff. It is no answer to this to say that some one else was also guilty of another act of negligence, in consequence of which the plaintiff's injury was suffered. If both the defendant and other parties were derelict, the plaintiff might proceed against either, though of course only one actual recovery of damages for the same injury could be permitted. Between the two alleged acts of negligence in the present case, there is no relation of proximity or remoteness, in the sense in which the law regards that subject, so as to postpone the liability of one, because of the

liability of another, or because of the intervention of an intermediate agency. The parties who placed the engine by the road-side and thereby caused the plaintiff's horse to frighten, might readily be held liable for *their* act of negligence, and it would be no answer for them to say that the unguarded roadside was the immediate cause of the injury and therefore they should not be held liable. They violated a distinct and independent duty to the public when they placed an object along the road-side which was calculated to frighten reasonably gentle horses. For this breach of that particular duty they are responsible, if injury results in any way by a fright being communicated to a passing horse. And so as to the defendant, if in consequence of a breach of duty in not properly guarding the side or edge of a public road, an injury is sustained by a passing traveler. Whether the traveler be a foot passenger who falls over a road-side precipice in the dark, or rides on horseback or in a wagon, and the horse goes over in the dark, or in consequence of a sudden fright, is immaterial; the culpable breach of duty is the same in each event. Whether there be a special cause which induced an accelerated motion on the part of the horse, is of no consequence in considering the liability of those whose duty it is to keep the road-side reasonably safe. Their duty is irrespective of the duty of others, and for its breach they are responsible whether others are responsible for another violated duty or not. Thus in Shear. & Redf. Neg., § 401, it is said: "As a general principle, the fact that an injury to a traveler on a highway was caused by the combined effect of the unsafe condition of the road and the negligence of a third person, is no defence to the party who is bound to keep the highway in repair." In section 10 of the same work it is said: "Negligence, however, may be the proximate cause of an injury of which it is not the sole or immediate cause. If the defendant's negligence concurred with some other event (other than the plaintiff's fault) to produce the plaintiff's injury, so that it clearly appears that but for such negligence the injury would not have happened, and both circumstances are closely connected with the injury in the order of events, the defendant is responsible, even though his negligent act was not the nearest cause in the order of time." Ibid § 46: "The fact that the injury was caused by the joint negligence of the de-

fendant and a stranger is, of course, no defence; and unless the person whose fault is relied upon by the defendant as an excuse, was subject to the direction of the plaintiff, his fault cannot properly be charged upon the latter." And in section 403: "The town is liable for an injury of which a defect in the highway is the proximate cause."

It is not necessary to multiply quotations or the citation of decided cases; the subject is too simple and too free of doubt. The immediately producing cause of the accident in the present case was the unguarded condition of the road-side at the place where the accident occurred. If that unguarded condition of the road-side was an act of negligence on the part of the defendant, it follows that the defendant is responsible. Whether it was negligence in the defendant to maintain the road at the place in question without some kind of protection, was a question of pure fact which it was the province of the jury alone to determine. Much testimony was given upon that subject on both sides, and the question was fairly and correctly left to the jury. The verdict in favor of the plaintiff decides the question against the defendant, and it is not possible for us to reverse that finding. We cannot say there was no evidence, or only a scintilla, to support the verdict and on no other principle can we interfere. On another trial, if it were granted, the question would have to be decided by the same tribunal, and in view of the extreme smallness of the verdict, consequences far more disastrous to the township might easily result.

Judgment affirmed.