224 F.2d 318
 Spencer S. GREENWOOD, John H. Greenwood, Henry B. Greenwood, Lucille L. Maddox and John F. Greenwood, Appellants,
v.
Benjamin GREENWOOD, William Davis and Fidelity-Philadelphia Trust Co.
 No. 11498.
 United States Court of Appeals Third Circuit.
 Argued April 5, 1955.
 Decided July 14, 1955.
 
 George E. Beechwood, Philadelphia, Pa. (Lewis Weinstock, Conlen, LaBrum & Beechwood, Philadelphia, Pa., on the brief), for appellants.
 M. H. Goldstein, Philadelphia, Pa.(J. Arthur Ewing, Albert C. Brand, Bernard L. Barkan, Philadelphia, Pa., on the brief), for appellees.
 Before BIGGS, Chief Judge, HASTIE, Circuit Judge, and WILLSON, District Judge.
 HASTIE, Circuit Judge.
 
 
 1
 A jurisdictional obstacle impedes this appeal. After trial of a diversity suit to set aside a deed, and informed by the answers of an advisory jury[1] to special interrogatories, the District Court entered judgment on the merits for the defendants. This decree was dated January 29, 1954 and its docket entry bears the same date. However, the docket entry also cites that the decree was "noted and notice mailed February 1, 1954." In the meantime, also on January 29, 1954, the plaintiffs had filed "a motion to set aside answers to interrogatories" on the basis of alleged defects therein and alleged errors in the admission of evidence. There is dispute whether this was a motion before or after judgment. Thereafter, on February 15, 1954, plaintiffs filed a motion, dated February 12, 1954, to set aside the decree and for a new trial. That motion stated as its basis the identical considerations set out in the January 29 motion and in addition that the decree was "against the weight of the evidence."
 
 
 2
 On November 1, 1954 the District Court, taking no action on the January 29 motion as such, denied the February 15 motion, stating that the requested relief was beyond the power of the court because the motion was not filed within 10 days after entry of judgment as required by Rule 59(b) of the Federal Rules of Civil Procedure 16 F.R.D. 366. On November 17, 1954 the plaintiffs filed notice of this appeal "from the order of the District Court, filed November 1, 1954, denying Plaintiffs' motion to set aside decree in favor of defendants and motion for a new trial."
 
 
 3
 Apart from the obvious untimeliness of the motion for new trial,[2] the order designated in the notice of appeal is the kind of order which normally is not appealable, since the dispositive action below was the judgment on the merits and not the subsequent denial of new trial. Bass v. Baltimore & O. Terminal R. Co., 7 Cir., 1944, 142 F.2d 779; St. Luke's Hospital v. Melin, 8 Cir., 1949, 172 F.2d 532. It is true that, where there has been a final judgment and an appeal from the denial of a motion for new trial appears to be an inartificial attempt to obtain review of that judgment, a Court of Appeals may, under exceptional circumstances, act upon such an appeal as if it were taken from the judgment. E. g., Atlantic Coast Line R. Co. v. Mims, 5 Cir., 1952, 199 F.2d 582; Sun-Lite Awning Corp. v. E. J. Conklin Aviation Corp., 4 Cir., 1949, 176 F.2d 344. But the appellants here do not ask that their appeal be so regarded. To the contrary they argue now that there never has been a final judgment because no formal action was taken on their motion to set aside the advisory jury's answer to interrogatories. Since they take this position — and we do not suggest whether it is sound — we see no reason to treat this appeal as seeking a review of anything other than the denial of a new trial which it designates. It is our ruling, therefore, that this appeal cannot be entertained because taken from an order that is not appealable.
 
 
 4
 The appeal will be dismissed for want of jurisdiction.
 
 
 
 Notes:
 
 
 [1]
 See Fed.Rules Civ.Proc. rule 39(c), 28 U.S.C.A
 
 
 [2]
 Notice of the January 29 decree was mailed February 1. The motion for new trial was filed February 15. These dates are undisputed as is the mandatory character of the rule which makes a period of ten days after judgment the time within which such a motion may be filed