SPRINGFIELD CRUSHER, INC.

v.

TRANSCONTINENTAL INSURANCE
COMPANY, Appellant

No. 15,847

United States Court of Appeals
Third Circuit

Argued September 26, 1966
Decided February 1, 1967
Rehearing Denied March 1, 1967
*See, also, 372 F.2d 125*

JOHN F. JAMES, ESQ., Christiansted, St. Croix, Virgin Islands, *for appellant*

JOHN D. MARSH, ESQ. (YOUNG, ISHERWOOD & MARSH), Christiansted, St. Croix, Virgin Islands, on the brief, *for appellee*

Before KALODNER, HASTIE and SMITH, *Circuit Judges*

SMITH, *Circuit Judge*

## OPINION OF THE COURT

The claim for damages in this action is based on the alleged breach of an indemnity policy issued by the defendant. The plaintiff sought to recover for the loss allegedly sustained as the result of damage to a piece of loading equipment admittedly covered by the policy. At the trial there was no serious dispute as to the defendant's liability and the principal question was one of damages. At the close of all the evidence the defendant moved the court to direct a verdict in favor of the plaintiff in the amount of $9,000. This somewhat unusual motion was consistent with the defendant's theory that under the policy the amount recoverable was limited to the cost of repairs. The motion was denied and the case was submitted to the jury,

which returned a verdict in favor of the plaintiff, assessing the damages at $25,700 plus interest, the limit of liability under the policy.

The defendant moved for judgment notwithstanding the verdict and, in the alternative, for a new trial; the new trial was urged on the ground that the verdict was against the weight of the evidence. The motion was denied and this appeal followed. Since the evidence in the record was clearly sufficient to have warranted the submission of the case to the jury, the denial of the motion for judgment notwithstanding the verdict was proper. The remaining question for decision is whether the court below erred in its denial of the motion for a new trial.

██ ██ We recognize, as we must, that a motion for a new trial on the ground herein urged by the defendant is addressed to the sound discretion of the trial judge and its denial is not ordinarily reviewable in the absence of a showing of exceptional circumstances such as an abuse of discretion. Silverii v. Kramer, 314 F.2d 407, 413 (3rd Cir. 1963); Eisenberg v. Smith, 263 F.2d 827, 829 (3rd Cir. 1959), cert. den. 360 U.S. 918, 79 S.Ct. 1436, 3 L.Ed.2d 1534; 6 Moore, Federal Practice, ¶ 5908, p. 3820 (2dEd. 1953). There is an abuse of discretion, within the meaning of the rule, when the action of the trial judge is clearly contrary to reason and not justified by the evidence. Measured by this standard the denial of the motion for a new trial in the instant case was an abuse of discretion.

The insured equipment was purchased by the plaintiff on April 13, 1964, and thereafter was in continuous use until August 25 of the same year, when it was seriously damaged by a falling boulder. At the time of purchase the equipment had a reasonable value equal to the purchase price of $25,800. There was a conflict of testimony as to whether the damaged equipment was repairable at an esti-

mated cost of $9,000, as contended by the defendant, or was in such condition as to be impossible of repair, as contended by the plaintiff.

There was general agreement that the equipment had suffered some depreciation prior to the accident but there was a conflict in the testimony as to the amount thereof. It appeared from the evidence offered by the plaintiff that the depreciation in value was approximately $860. This depreciation was reflected in the books of the plaintiff presumably for tax purposes. The only estimate of actual depreciation was furnished by an expert witness called on behalf of the defendant. He testified that the rate of depreciation would be approximately 25% to 30% the first year.

The measure of damages, under applicable law, and as fixed by the policy was "the actual cash value of the property insured at the time any loss or damage occurs * * * the loss or damage [to be] ascertained or estimated according to such actual cash value with proper deduction for depreciation * * * and * * * in no event [to] exceed what it would then cost to repair or replace the same with material of like kind and quality." The policy fixed the limit of liability at $25,800, less a deduction of $100 under the deductibility clause.

Although the damage award equalled the policy limit, it exceeded the maximum amount recoverable under the evidence viewed in the light most favorable to the plaintiff. Since the award was not reconcilable with the evidence, the verdict was clearly erroneous. It seems reasonable to presume that the jury's decision resulted from either a disregard of the testimony as to the cash value of the equipment at the time of the accident or a misunderstanding as to the legal principles applicable in the determination of the issue of damages. Whatever the reason for the erroneous result, the verdict should have been set aside.

■ The plaintiff here attempts to sustain the damage award on the theory that the insurance contract is a valued policy; i.e., one in which the value of the insured property and the specified amount recoverable are settled by the contract so that in the event of total loss proof of actual value becomes unnecessary. This theory is obviously unsound. The contract of insurance in suit is a conventional open policy which, by its express terms requires proof of the actual cash value of the insured property at the time of loss or damage.

At the trial the plaintiff introduced testimony that after the insured equipment had been damaged it purchased a heavier replacement at a cost of $35,000. This testimony was plainly irrelevant and inadmissible but the defendant interposed no objection to its introduction. We are of the opinion that on the retrial of this action the exclusion of this testimony may insure a fair and understandable determination of the issue of damages.

The judgment of the court below will be reversed and the action will be remanded for a new trial limited to the issue of damages.