Wanda **COWGER**, Appellant,

v.

William H. **ARNOLD**

v.

Josephine Joyce **COWGER**.

No. 71–1096.

United States Court of Appeals, Third Circuit.

Argued Jan. 19, 1972.

Decided May 3, 1972.

As Amended June 12, 1972.

**220**

Joseph M. Ludwig, Ludwig, Talenti, Wilson & Sullivan, Pittsburgh, for appellant.

William C. Porter, Washington, Pa., for appellee.

Before ADAMS and JAMES ROSEN, Circuit Judges, and STAPLETON, District Judge.

## OPINION OF THE COURT

STAPLETON, District Judge.

This is a diversity action arising from an automobile accident. The appeal is from an order denying a motion of the plaintiff below for a new trial. Technically the appeal should have been from the final judgment entered for the defendant. However, since the motion for a new trial and the notice of appeal were timely filed, we may and do treat this matter as an appeal from the final judgment. John E. Smith's Sons Co. v. Lattimer Foundry & Machine Co., 239 F.2d 815, 816, note 6 (3rd Cir. 1956); Greenwood v. Greenwood, 224 F.2d 318 (3rd Cir. 1955); 3 Barron & Holtzoff, Federal Practice, § 1302.1, p. 347 (Wright Ed. 1958).

The final judgment below was the result of a jury verdict for the defendant. Plaintiff argued in support of his motion for a new trial, and argues here, (1) that defendant on the basis of his own testimony was, as a matter of law, guilty of negligence which was a proximate cause of the accident and (2) that all of the testimony regarding the plaintiff's physical condition, including the physician called by the defendant, indicated that she had suffered injury as a result of the accident.

Plaintiff was a passenger in the automobile driven by her sister which was proceeding east on East Maiden Street in Washington, Pennsylvania. The defendant gave the following candid account of the accident. He was immediately behind the Cowger vehicle in a line of traffic, traveling at a speed of about 20 to 25 m. p. h. and following at a distance of approximately 20 to 30 feet. As the line of traffic approached a traffic signal, the signal was red and the defendant applied his brakes and slowed down. The light then turned green and the traffic in front of the Cowger vehicle proceeded by the signal. The defendant took his foot off the brake in anticipation of doing likewise. The Cowger vehicle, however, suddenly stopped for no apparent reason just before reaching the intersection. The defendant did not see the Cowger vehicle stop, however, because he had "glanced" to the side to observe a pedestrian on the sidewalk. When he looked back and observed the stopped vehicle he immedi-

ately "slammed" on his brakes but was unable to avoid a minor impact with the rear of the Cowger vehicle.

■ The substantive law of Pennsylvania, which we are bound to follow, subscribes to the doctrine of negligence per se. Gatenby v. Altoona Aviation Corporation, 407 F.2d 443 (3rd Cir. 1969). Pennsylvania law "requires unremitting vigilance at the wheel, which vigilance necessarily encompasses a constant viewing of what is ahead." In the colorful language of Justice Musmanno, "not looking while operating an engine which may crash, mangle and cripple all before it is negligence per se." Kmetz v. Lochiatto, 421 Pa. 363, 219 A.2d 588, 589 (Pa.Sup.Ct.1966).

In Burrell Tp. v. Uncapher, 117 Pa. 353, 363, 11 A. 619, 621 (Sup.Ct. 1887), the Supreme Court of Pennsylvania stated the relevant rule of proximate cause as follows:

> ". . . If the defendant's negligence concurred with some other event (other than the plaintiff's fault) to produce the plaintiff's injury, so that it clearly appears that but for such negligence the injury would [not] have happened, and both circumstances are closely connected with the injury in the order of events, the defendant is responsible, even though his negligent act was not the nearest cause in order of time. . . ."

■ Where it is clear from undisputed facts of record that defendant's negligence was a proximate cause of the accident, it should be so declared despite a jury determination apparently to the contrary. Shakley v. Lee, 368 Pa. 476, 84 A.2d 322 (Sup.Ct.Pa.1951); Gatenby v. Altoona Aviation Corporation, 407 F. 2d 443 (3rd Cir. 1969).

■■ We conclude that the defendant in this case was guilty as a matter of law of negligence which was a proximate cause of the accident. The defendant maintains, however, that the verdict in his favor must stand nonetheless because (1) "there is no such thing [under Pennsylvania law] as a directed verdict for a plaintiff in a negligence action" and (2) the jury may have concluded that plaintiff suffered no injury as a result of the defendant's conduct.

■ Pennsylvania has what is sometimes referred to as "the oral evidence rule." This rule precludes a directed verdict for a plaintiff in a trespass action based on oral testimony. The rule is not applicable, however, in a diversity action in a federal court where federal law governs questions of when the jury must decide whether the particular elements of liability exist. Gatenby v. Altoona Aviation Corporation, 407 F.2d 443 (3rd Cir. 1969); Denneny v. Siegel, 407 F.2d 433 (3rd Cir. 1969), and cases there cited.

We think it apparent from the manner in which the jury filled in the verdict sheet pursuant to the instructions of the court that the jury concluded, erroneously as we have held, that the defendant was not guilty of negligence which was a proximate cause of the accident.[1] If, however, the jury had based its verdict on a conclusion that plaintiff received no injury, that determination would also have been wholly without evidentiary support. While the jury might well have rationally concluded that the plaintiff was grossly exaggerating her injuries, all of the evidence tendered by both parties demonstrated that plaintiff received some injury in the accident.

If the jury had acted as appellant hypothesizes, the following observations of

1. The defendant suggests that "it [is] more likely" that the jury rested its verdict upon an absence of damages "since they did not find against the third party defendant either." We do not understand this contention. The plaintiff asserted no claim against the driver of her vehicle. The defendant brought in plaintiff's sister as a third party defendant and the court instructed the jury that they need not consider the claim against her unless they found for the plaintiff. The jury verdict sheet shows that the jury found for the defendant and, accordingly, made no finding with respect to the crossclaim.

this Court in Springfield Crusher, Inc. v. Transcontinental Ins. Co., 372 F.2d 125, 126 (3rd Cir. 1967) would be appropriate:

> "We recognize, as we must, that a motion for a new trial on the ground herein urged by the defendant is addressed to the sound discretion of the trial judge and its denial is not ordinarily reviewable in the absence of a showing of exceptional circumstances such as an abuse of discretion. Silverii v. Kramer, 314 F.2d 407, 413 (3rd Cir. 1963); Eisenberg v. Smith, 263 F.2d 827, 829 (3rd Cir. 1959), cert. den. 360 U.S. 918, 79 S.Ct. 1436, 3 L.Ed.2d 1534; 6 Moore, Federal Practice, ¶ 5908, p. 3820 (2d Ed. 1953). There is an abuse of discretion, within the meaning of the rule, when the action of the trial judge is clearly contrary to reason and not justified by the evidence. Measured by this standard the denial of the motion for a new trial in the instant case was an abuse of discretion."

 Ordinarily in a situation of this kind, we would remand for a trial limited to the issue of damages. We are prevented from doing so by the fact that plaintiff did not move for a directed verdict pursuant to Rule 50(a) of the Federal Rules of Civil Procedure. Oliveras v. American Export Isbrandtsen Lines, Inc., 431 F.2d 814 (2nd Cir. 1970). Concurring as we do in the following holding of the Second Circuit Court of Appeals, we conclude, however, that we are not precluded from reversing the judgment below and remanding for a new trial on the issue of liability as well as the issue of damages:

> "We are of the opinion that where the undisputed evidence results in a verdict that is totally without legal support justice requires a new trial despite counsel's failure to move for a directed verdict prior to submission of the case to the jury. Cf. Johnson v. New York, N. H. & H. R. R. Co., 344 U.S. 48, 73 S.Ct. 125, 97 L.Ed. 77

(1952). To rule that an unintended flaw in procedure bars a deserving litigant from any relief is an unwarranted triumph of form over substance, the kind of triumph which, commonplace enough prior to our more enlightened days, we strive now to avoid whenever possible. The purpose of decisions that refuse to grant relief to those who make procedural mistakes is to deter their commission in future cases and thereby promote the orderly administration of justice. Our decision today does not undermine that objective, for had counsel first moved for a directed verdict and then moved for a verdict n. o. v., he would be entitled to an entry of judgment in his favor. This relief is denied him, but we consider it fair to remand for a new trial on the merits. Perhaps at the new trial the defendant may offer sufficient evidence, if available, to raise factual questions that would justify a decision in its favor." Oliveras v. American Export Isbrandtsen Lines, Inc., supra, at 817.

The judgment below will be reversed and the case remanded for a new trial.

ADAMS, Circuit Judge (dissenting).

I respectfully dissent.

We are required in reversing a jury verdict to construe the evidence and the inferences to be drawn therefrom in the light most favorable to the prevailing party. From the evidence before it in this case, the jury could have concluded that Mr. Arnold's looking to the side was negligence per se. Nevertheless, it could also have concluded that even had Mr. Arnold been concentrating on the road ahead, he might well have hit the vehicle in which Mrs. Cowger was a passenger. Because the jury had a rational basis from which to conclude that Mr. Arnold's negligence was not the proximate cause of the accident, I would affirm the judgment of the district court.