

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-21-2005

# Hoggard v. Allstate Ins Co

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1127

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Hoggard v. Allstate Ins Co" (2005). *2005 Decisions.* Paper 67.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/67

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-1127

JAMES M. HOGGARD, JR.,
Appellant

v.

ALLSTATE INSURANCE COMPANY

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 03-cv-06027)
District Judge:  Honorable Jacob P. Hart

Submitted Under Third Circuit LAR 34.1(a)
December 8, 2005

Before:  RENDELL, FISHER and GREENBERG, Circuit Judges.

(Filed December 21, 2005)

OPINION OF THE COURT

RENDELL, Circuit Judge.

Appellant James M. Hoggard, Jr. ("Hoggard") appeals an order from a Magistrate

Judge denying him a new trial on damages.[1]  Our jurisdiction arises under 28 U.S.C. §

1291.  For the reasons set forth below, we will affirm.

## FACTS AND PROCEDURAL HISTORY

On March 9, 2003, Hoggard's former home in Coatesville, Pennsylvania was

damaged in a fire.  The house had been sold in November 2002 at a sheriff's sale based

on a foreclosure action.  Though he was no longer the property's owner, Hoggard

maintained an insurance policy for the house with Allstate Insurance Company

("Allstate").  Allstate denied Hoggard coverage for damage on the grounds that he did not

own the house at the time of the fire and had failed to inform Allstate of the deed transfer.

Hoggard claimed he was unaware of the sale of his home until Allstate informed him of it

during the investigation of the fire.

Hoggard did not seek to recover for damage to the home itself, but rather for

damage to personal property within the home.  His Allstate policy provided $159,600

worth of contents' coverage for items within the house.  Hoggard sought the full amount

of this limit; a jury awarded him $10,000.

## DISCUSSION

**I.  Challenge to the Jury Verdict.**

Hoggard claims that the Magistrate Judge should have set aside the damage award

---

[1] The Magistrate Judge conducted all proceedings in this case pursuant to the consent of both parties in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.

2

because it was contrary to the evidence and a product of passion, prejudice, partiality or corruption. *See Hyang v. Lynde*, 820 A.2d 753, 756 (Pa. Super. Ct. 2003). This Court reviews the Magistrate Judge's refusal to set aside an alleged inadequate jury verdict for abuse of discretion. *See Gasperini v. Center for Humanities, Inc.*, 518 U.S. 415, 438 (1996); *Springfield Crusher, Inc. v. Transcontinental Insurance* Co., 372 F.2d 125 (3d Cir. 1967).

The Magistrate Judge did not abuse its discretion in denying Hoggard's request for an altered verdict or a new trial based on the inadequacy of the verdict. Hoggard testified that the value of the damaged contents in his home was $300,000. However, a member of Allstate's Special Investigations Unit testified that many of the most valuable items for which Hoggard sought to recover were not covered under the insurance policy. Based on this evidence, the jury could have reasonably concluded that the total value of Hoggard's property lost was significantly less than he claimed.

Moreover, the only evidence supporting Hoggard's valuation of the property damaged was his testimony. Allstate undermined Hoggard's credibility by introducing evidence suggesting that, contrary to his claim that he first learned from Allstate that his home had been sold at a sheriff's sale, Hoggard was aware prior to the fire that he no longer owned the house. Hoggard hurt his own credibility by testifying that he forged his wife's signature on the check that Allstate gave him as an advance on his claim. Additionally, the jury may have been skeptical when Hoggard provided estimated values

3

for only a few specific items, all of which it could have viewed as inflated, if not outrageous.[2] "'Credibility determinations are the unique province of a fact finder,'" *Scully v. U.S. WATS*, 238 F.3d 497, 506 (3d Cir. 2001) (quoting *Dardovitch v. Haltzman*, 190 F.3d 125, 140 (3d Cir. 1999)), and we believe that there were grounds for the jury not to find Hoggard credible when he testified to the value of damage to his property.

**II.  Jury Instructions.**

This Court reviews decisions regarding jury instructions for abuse of discretion. *Livingstone v. North Belle Vernon Borough*, 91 F.3d 515, 524 (3d Cir. 1996).  Hoggard contends the Magistrate Judge made two errors with respect to the jury instructions.

First, Hoggard challenges the Magistrate Judge decision not to charge the jury that Hoggard was entitled under Pennsylvania law to testify to the value of the contents of his home.  He argues that the failure to do so contributed to the inadequacy of the jury verdict. Yet, the Magistrate Judge permitted Hoggard to testify as to the value of his goods and instructed the jury to consider all evidence and testimony related to the value of the items. It was unnecessary to provide a specific instruction to the jury that Hoggard's testimony was permissible evidence.

Second, Hoggard argues that the Magistrate Judge should have instructed the jury

---

[2]For example, Hoggard testified that the fire destroyed a $20,000 Roman Byzantine mirror, $3,500 custom made drapes, $600 lamps, and $3,600 camel hair furniture.  Pictures of these items were admitted into evidence, and the jury could have concluded that Hoggard had overstated his estimates of their value.

that, if successful, he would have been entitled to prejudgment interest. The Magistrate Judge declined, stating that it was his practice to reserve the issue of prejudgment interest for a post-trial motion. The question of whether to award prejudgment interest is often addressed through post-trial motions. *See, e.g.*, *Girard Bank v. John Hancock Mutual Life Insurance Co.*, 524 F.Supp. 884, 887 (E.D.Pa. 1981) (noting that district judge considered plaintiff's post-trial motion for prejudgment interest after a jury trial). Thus, the Magistrate Judge did not abuse his discretion in failing to instruct the jury regarding prejudgment interest.

Finding no error, we will affirm the Magistrate Judge's order