Nelson et ux. *v*. Damus Bros. Co., Inc., Appellant.

Argued October 3, 1940. Before SCHAFFER, C. J., MAXEY, DREW, LINN and PATTERSON, JJ.

*E. O. Golden,* for appellant.

*Harry C. Golden* and *W. M. Parker,* with them *Dalzell, McFall & Pringle,* for appellee.

OPINION BY MR. JUSTICE MAXEY, October 28, 1940:

This is an appeal from the refusal of the court below to enter judgment for defendant n. o. v. The action was trespass. Plaintiff James N. Nelson was awarded $3,500 by the jury. His wife's action against the same defendant resulted in a verdict in favor of the latter.

At 11 p. m. on March 31, 1939, plaintiff was driving his automobile on Route 156 toward Apollo, Armstrong County. Defendant's truck was parked upon the right side of the highway and it displayed no lights. Another truck was parked diagonally across the highway from defendant's truck and facing in an opposite direction. Its headlights were on. The highway was 18 feet wide. As plaintiff came within 135 feet of these trucks, his vision was affected by the lights of the truck facing him. This truck was a little nearer to him than defendant's truck. Plaintiff slowed his car down to 25 miles an hour. The road there curved slightly to the left. As plaintiff's car passed a little beyond the lights of the lighted truck, defendant's truck first became visible to him about 25 or 30 feet away. Plaintiff attempted to avoid the collision by veering to the left side of the road, but the right front part of plaintiff's car collided with the rear of the truck, causing the personal injuries complained of.

Defendant contends that plaintiff was guilty of contributory negligence as a matter of law because he did not so control his car as to be able to stop within the assured clear distance ahead.

In *Farley v. Ventresco,* 307 Pa. 441, 161 A. 534, this court recognized that the "temporary blinding" of a driver, by headlights, and without fault on his part, was a reasonable excuse for his not seeing the parked

car in what otherwise would have been the "assured clear distance ahead." In the case just cited, we compared blinding headlights to a "brilliant flash of lightning" and declared that "no one would contend" that a driver so blinded "would have been guilty of contributory negligence." In that case this court cited the case, among others, of *Powell v. Schofield,* 223 Mo. App. 1041, in which the Missouri court said: "If the 'blinded' driver slows down so that he can stop within a reasonable distance when blinded by headlights, we think he should not ordinarily be declared guilty of contributory negligence as a matter of law." In *Frowd v. Marchbank,* 154 Wash. 634, the Supreme Court of Washington sensibly observes that to say that it is negligence to drive past an automobile in a situation where headlights are confronting the driver "is practically to say that it is negligence to drive along a highway in the night time at all."

The defendant's negligence in this case in parking without lights, on the highway, is incontestable. Such a negligent act is not one which another driver is bound to foresee as reasonably likely to arise. In not anticipating defendant's negligent parking of the car and controlling his own car accordingly, plaintiff cannot be said as a matter of law to have been negligent. We said in *Galliano v. East Penn Electric Co.,* 303 Pa. 498 at 503, 154 A. 805: "It is the duty of the driver of a street car or a motor vehicle at all times to have his car under control, and having one's car under control means having it under such control that it can be stopped before doing injury to any person in any situation that is reasonably likely to arise under the circumstances." When plaintiff's conduct is tested by this rule, he cannot be adjudged as not having his car "under control."

Defendant also asked for a new trial on the ground that there was a material variance between the pleadings and the proof. Plaintiff's statement alleged negligence arising from the improper operation of two

trucks, both allegedly defendant's property. The proof was that only the unlighted truck was the defendant's. In order to justify a verdict against the defendant, it was necessary only to prove that the truck collided with under the circumstances established belonged to the defendant. The ownership of the other truck was wholly immaterial. When a statement of claim contains *two* averments, *one material* to the issue and *the other immaterial* proof of the material averment alone does not constitute such a variance as gives the defendant any legal grounds for complaint. The variance did not affect the trial on its merits or set up a different cause of action or mislead the defendant or impose any different burden upon him. A variance in order to be material must relate to some matter which in point of law is essential to the claim. See 25 Standard Enc. of Procedure, page 548, and *Moyer v. Blue Mt. Electric Co.,* 294 Pa. 265, 144 A. 131. The motion for a new trial was properly refused.

The judgment is affirmed.