## Smith *v.* Petaccio, Appellant.

Argued November 29, 1955. Before STERN, C. J., STEARNE, JONES, BELL, and ARNOLD, JJ.

*John J. Dautrich,* with him *White, Williams & Scott,* for appellant.

· *David A. Saltzburg,* with him *Morris W. Kolander, Henry T. Reath* and *Kolander & Saltzburg,* for appellees.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, January 13, 1956:

Defendant appeals from the refusal to enter judgments *non obstante veredicto* for defendant in two trespass actions concerning a collision of two motor vehicles. The determinative issue is whether or not the husband-plaintiff was contributorily negligent in failing to stop his automobile within the assured clear distance ahead.

The facts of the accident are succinctly stated in the opinion of the learned court below: "Alexander Smith and Gertrude Smith [husband and wife] sued for injuries and property damages sustained by them when their car crashed into the rear of Paul Petaccio's unlighted and abandoned truck while it was parked in an unlighted tunnel or railroad underpass. . . .

"On January 15, 1951, a wet, dreary and hazy day, it having snowed the night before, at 7:30 o'clock in the morning, Alexander Smith, accompanied by his wife as a passenger in the front seat and three of her fellow employees in the rear seat, proceeded south on Belgrade Street in Philadelphia toward their place of employment. When he approached the railroad underpass just south of where Somerset Street intersects Belgrade Street, he turned on his parking lights as he continued toward the underpass, intending to drive through it to the other side.

"Although he did not usually drive his wife to work, he had previously driven through the same underpass both during the daytime and at night when it was illuminated by electric lights. On this occasion, the tunnel was not lighted as he usually found it and although he could see daylight at the far end of the tunnel as he entered it, he was unexpectedly confronted by darkness too intense for driving. He turned on his bright lights and as they illuminated the tunnel, defendant's unlighted truck, parked therein, suddenly loomed up before him, some fifteen feet in front of him and 'before I had a chance I crashed into it'."

. For the reasons given and authorities cited in *Notarianni v. Ross*, 384 Pa. 63, 119 A. 2d 792, the judgment in favor of plaintiff, Alexander Smith, is reversed and is here entered in favor of defendant, Paul Petaccio, *non obstante veredicto*.

The judgment in favor of plaintiff, Gertrude Smith, is affirmed. The wife-plaintiff was not bound to the same degree of diligence as that required of her husband-plaintiff, the driver of the automobile. There is no evidence that the wife, as guest passenger, voluntarily joined with her husband in the manner of operation of the vehicle. See *Janeway v. Lafferty Brothers*, 323 Pa. 324, 330, 185 A. 827. Alexander Smith, as additional defendant, was found by the jury to be free of negligence. This Court, however, reversed and held him to have been guilty of contributory negligence. Since the trial judge directed a verdict for the additional defendant, the husband of the wife-plaintiff, this Court cannot direct a verdict for the original defendant for contribution. Hence, the usual procedure for enforcing contribution among joint tortfeasors, set forth in *Maio v. Fahs*, 339 Pa. 180, 191, 14 A. 2d 105, is not available to the original defendant. See also 4 Anderson Pa. Civ. Pract., pp. 414-417. Should the original defendant desire contribution, he must institute an independent suit against such additional defendant.

Judgment for plaintiff, Alexander Smith, is reversed and is here entered in favor of defendant *non obstante veredicto*. The judgment in favor of Gertrude Smith, as above indicated, is affirmed.