## Forrester v. Strohecker

*Allen Keller* and *Marvin Luxenberg*, for plaintiff.
*L. Ivan Hudson*, for defendant.

HENDERSON, P. J., July 8, 1968.—This matter is before the court on preliminary objections in the nature of a demurrer to the complaint.

The complaint alleges an automobile accident which occurred on May 21, 1961, as a result of which the injured parties sued plaintiff herein. Defendant herein was not made a party in that action. That original case went to trial in January of 1965 and, prior to verdict, it was settled and discontinued of record upon payment by plaintiff herein to the injured parties.

Plaintiff's present action is an assumpsit action for contribution alleging that plaintiff and defendant herein were joint tortfeasors in the prior action, and that plaintiff is entitled to contribution from defendant in the amount of one-half of the prior settlement figure.

Defendant takes the position that since he was not joined in the prior action and could only have been sued by plaintiffs in the prior action during a two-year period following the accident, which was not done, then the settlement of the prior action did not extinguish the prior plaintiffs' rights against this defendant, that those rights were extinguished by the running of the tort statute of limitations, that the requirements of the Joint Tortfeasors Act have therefore not been complied with, and that no contribution is due and owing.

The right of contribution is specifically set forth in the Uniform Contribution Among Tortfeasors Act of July 19, 1951, P. L. 1130, sec. 2, 12 PS §2083. The defense herein is based specifically on subsection 3 of the cited section, which reads as follows:

"A joint tortfeasor who enters into a settlement with the injured person is not entitled to recover contribution from another joint tortfeasor whose liability to the injured person is not extinguished by the settlement".

Did plaintiff's payment of the settlement figure in the prior action extinguish any rights of the injured persons against defendant, or were such rights ex-

tinguished by the running of the tort statute of limitations?

It is well recognized in the cases that an original defendant in a tort action is not required to litigate the relative rights between himself and an alleged joint tortfeasor in that action but may do so by filing an independent suit for contribution: Smith v. Petaccio, 384 Pa. 74, 119 A. 2d 797 (1956); Maloney v. Rodgers, 184 Pa. Superior Ct. 342, 135 A. 2d 88 (1957); Bowen v. Red Wing Co., Inc., 24 D. & C. 2d 413 (1960), Witherow v. Silvis, 32 D. & C. 2d 142 (1963); Swartz v. Sunderland, 403 Pa. 222, 169 A. 2d 289 (1961).

It is also recognized in these cases that the separate contribution action should properly be brought in assumpsit rather than in tort and that the assumpsit six-year statute of limitations applies to such action, the six-year period running from the date of the settlement.

Prior cases have held on this fact situation that where a tort statute of limitations bars direct recovery from this defendant by expiration of the tort right of action, the right of contribution between joint tortfeasors still exists: Carey v. Petrilak, 62 D. & C. 626 (1948). See also 4A Anderson Pa. Civ. Pract. §2252.43, where we find the following language:

". . . since the additional defendant's cause of action did not arise until a later date, it is not barred by the statute of limitations which began to run against the plaintiff's claim at the earlier date. Moreover, since the claim of liability over is in nature an assumpsit claim, and if enforced in a separate action would be brought as an action of assumpsit, it is subject to the assumpsit statute of limitations regardless of whether the plaintiff's claim is barred by the trespass or any other form of statute of limitations".

In Witherow v. Silvis, supra, one of the defenses

in the contribution action was that the contribution claim was not filed until more than two years after the personal injury claim arose and that therefore the contribution action was barred by the running of the tort statute of limitations. This is in effect the same basis upon which the present defendant demurs. In that case we find the following language:

"The allegations of the complaint do not involve 'a claim to recover for personal injuries' on which the statute of limitations has run. Plaintiff's claim for contribution will not run until six years after the date when the judgment against him in favor of defendant's wife was paid. . . ."

Defendant herein cites Long v. Pittsburgh Railways, 108 Pitts. L. J. 375 (1960), for the proposition that where the settlement does not release the common burden of the joint tortfeasors, then no contribution can be had. This is a proper statement of the law but not helpful to defendant in the case at bar. In the Long case the joint tortfeasor who settled with the injured party took a joint tortfeasor's release. We do not have that situation present in this case. In the case at bar the prior settlement payment made by plaintiff herein was full payment to the injured persons for all injuries received in the accident, and it extinguished any rights of the injured parties against any or all joint tortfeasors.

It is the opinion of the court that the cases cited herein dispose of the issues raised. However, one further point dealing with defendant's position with regard to the extinguishment of claims by a statute of limitations may be made.

"At common law a right never dies or is barred by lapse of time, and it is by statutes alone that the limitations of action are prescribed: Carr-Consolidated Biscuit Company v. Moore, 125 F. Supp. 423 (1954); Bank of U. S. v. Biddle, 2 Pars. 31 (1844)." 22 P. L. Encyc. 393, §1.

"However, a statute of limitations generally provides a procedural limitation, but does not deal with substantive rights. In re Philadelphia Elec. Co., 352 Pa. 457, 43 A. 2d 116 (1945)": 22 P. L. Encyc. 393, §1.

See also Empire Tractor Corporation v. Time, Inc., 10 F. R. D. 121 (1950), wherein it was held that a pure statute of limitations goes to the ability of plaintiff to enforce his right and does not deal with substantive rights. The statute of limitations can effectively preclude recovery but it does not go to the right to recover unless it is a special statutory limitation qualifying a given right. In Priester v. Milleman, 161 Pa. Superior Ct. 507, 55 A. 2d 540 (1947), it was noted that statutes of limitations relating to personal actions generally merely bar the remedy and do not discharge the right.

Pennsylvania recognizes the distinction between pure statutes of limitations and special statutes of limitations: Guy v. Stoecklein Baking Company, 133 Pa. Superior Ct. 38 (1938). In Pennsylvania the statute of limitations to the type tort action from which this contribution settlement grows is not the type that extinguishes the right but merely bars the remedy.

Therefore, we find that the running of the tort statute of limitations in the initial action did not extinguish any rights against defendant herein. If there were such rights to be extinguished, they were extinguished by plaintiff's payment of the settlement figure to those injured persons.

## ORDER

Now, July 8, 1968, defendant's preliminary objections are overruled, and it is further ordered that defendant be granted 20 days from the date hereof for filing an answer to the complaint herein.