## Stano *v.* Rearick et al., Appellants.

Argued October 1, 1970. Before BELL, C. J., JONES, EAGEN, O'BRIEN and POMEROY, JJ.

*Harry A. Heilman, Jr.,* with him *Joseph A. Nickleach,* for appellant.

*Richard S. Graff,* with him *Callas and Graff,* for appellee.

*Jerome D. Lombardi,* for appellee.

OPINION BY MR. JUSTICE JONES, November 12, 1970:
The facts in this case are largely undisputed. On January 21, 1967, at approximately 8:30 p.m., an auto-

mobile owned and operated by appellee Rosenberger, in which appellee Stano was a passenger, collided with the rear end of a tractor-trailer owned by appellant, W. W. Rearick, t/d/b/a W. W. Rearick Coal and General Hauling (hereinafter "Rearick"), and operated by appellant Kirkman. The tractor-trailer was stopped at a T-intersection preparatory to making a turn when the rear-end collision occurred. While Kirkland was uninjured, both Rosenberger and Stano sustained personal injuries; in addition, Rosenberger and Rearick sustained property damage.

Appellee Stano filed a complaint in trespass in the Court of Common Pleas of Armstrong County against both Rearick and Rosenberger. Thereafter, Rosenberger filed his suit against Kirkman and Rearick.[1] In this latter suit Kirkman and Rearick answered and counterclaimed. The cases were consolidated for trial. Summarizing the jury's verdicts in these various claims and counterclaims, the jury found in favor of both appellees Stano and Rosenberger against Rearick while absolving appellee Rosenberger of all liability. Motions for a new trial[2] were subsequently denied and judgments were entered upon the verdicts. This appeal followed.

The precise question on this appeal concerns the application of the "assured clear distance ahead rule." Our most recent pronouncement on this doctrine was in *McElhinny v. Iliff*, 436 Pa. 506, 509-10, 260 A. 2d 739, 740 (1970):

"The 'assured clear distance ahead rule' finds its statutory genesis in The Vehicle Code, Act of May 1,

---

[1] It is undisputed that an agency relationship existed between Kirkman and Rearick.

[2] Rearick also requested a judgment n.o.v. However, he concedes that this motion is a nullity since no point for binding instructions was made at trial.

1929, P. L. 905, 973, §1002, as amended, which provides in part: '. . . no person shall drive any vehicle, upon a highway . . . *at a speed greater than will permit him to bring the vehicle to a stop within the assured clear distance ahead.'*

"In Enfield v. Stout, 400 Pa. 6, 161 A. 2d 22, this Court said (page 11) : 'For many years under the law of Pennsylvania it has been the rule that the driver of an automobile on a public highway must be alert to have it under such control that he can stop it within the "assured clear distance ahead." This requires that the driver operate his automobile at such a rate of speed and *in such a manner that he can always stop it within the distance that he can clearly see*: Metro v. Long Transportation Company, 387 Pa. 354, 127 A. 2d 716 (1956). By this is meant the *range of the driver's vision* which, of course, *in darkness is the scope of his headlights*: Weibel v. Ferguson, 342 Pa. 113, 19 A. 2d 357 (1941).'

"See, also, Griffith v. Weiner, 373 Pa. 184, 95 A. 2d 517, in which the Court, after quoting the above underlined language, said (page 187) : ' "What this distance will be will vary according to the visibility at the time and other attending circumstances." ' "

It is appellant's contention that, under the instant facts, this doctrine is applicable and hence appellee Rosenberger should be deemed contributorily negligent as a matter of law. Since appellees testified they were not more than twenty feet away from the tractor-trailer when they first perceived it, the question of visibility becomes of paramount importance. Despite the facts that it was a dark January night, that the highway was wet and dirty and the surroundings bleak, the highway was straight and relatively level for a 900-foot stretch with no intervening obstructions. While there was conflicting testimony as to the operation of the

rear lights and the turn signal of the tractor-trailer at the time of the collision, the major thrust of appellee Rosenberger's argument against the application of the "assured clear distance ahead rule" is that the truck was so dirty as to be camouflaged and not perceptible even though it was within Rosenberger's range of vision. The basis for this exception is bottomed on certain language in *Colonial Trust Co. v. Breuer, Inc.,* 363 Pa. 101, 104, 69 A. 2d 126, 128 (1949) : "It would seem wholly unreasonable and unjust to hold that the operator of a motor vehicle was guilty of a violation of the statute and therefore subject to the criminal penalty prescribed by it and to the characterization of his conduct as contributorily negligent because he did not lessen the speed of his car in the face of what was actually an obstruction on the roadway but was so camouflaged or deceptive in appearance that even a reasonably careful driver would not have been able to *realize* that it was such until he was actually upon it." *See, also, Maranca v. Philadelphia,* 394 Pa. 531, 147 A. 2d 413 (1959). Therefore, appellee Rosenberger contends that the assured clear distance statute has no application to a driver who voluntarily refrains from stopping or slowing his vehicle because he sees or realizes no need to do so. However, this proposition rests on the determination that this tractor-trailer, under these conditions, would be imperceptible to a reasonably prudent driver until approximately twenty feet away.

It does not appear from our reading of the charge that the issue was specifically presented to the jury whether the truck was so camouflaged or whether the failure to see the tractor-trailer was due to appellee Rosenberger's lack of attention. In this vein we do not accept appellee Rosenberger's conclusion that the jury has already decided the tractor-trailer was camouflaged since we are not privy to the jury's deliberations nor

do we accept Rearick's suggestion that such a large vehicle would not be camouflaged since that would usurp the function of a jury. We do, however, reverse the order and remand as to appellee Rosenberger for a new trial in order to obtain a jury determination, after an adequate charge applicable to the instant facts, of whether this truck was visible within the assured clear distance of a reasonably prudent driver who could have stopped prior to any collision.

In passing upon the motion for a new trial as to appellee Stano, we are confronted with Stano's status as an innocent guest. No evidence was produced at trial to demonstrate any improper behavior on the part of Stano nor does appellee Stano fit within any of the categories recently enunciated by this Court in *Smalich v. Westfall*, 440 Pa. 409, 269 A. 2d 476 (1970), that would justify an imputation of contributory negligence. Since the jury has unequivocally found that Rearick was negligent, it logically follows that if Rosenberger is found, upon retrial, to have violated the "assured clear distance ahead rule," Rosenberger and Rearick would become joint tortfeasors.

A very similar problem was considered by this Court in *Smith v. Petaccio*, 384 Pa. 74, 119 A. 2d 797 (1956). In *Smith* this Court reversed the lower court and entered judgment n.o.v. against the driver because he had violated the "assured clear distance ahead rule." However, the judgment in favor of the passenger against the owner of the parked truck (the original defendant) was sustained. In so doing, the Court stated: "the usual procedure for enforcing contribution among joint tortfeasors . . . is not available to the original defendant. . . . Should the original defendant desire contribution, he must institute an independent suit against such additional defendant [the driver of the car]." 384 Pa. at 77, 119 A. 2d at 799. Accordingly, we affirm the

order of the court below denying a new trial as to appellee Stano.

Judgment for appellee Rosenberger reversed, appellant Rearick's motion for a new trial granted and judgment in favor of appellee Stano affirmed.

Mr. Justice COHEN and Mr. Justice ROBERTS took no part in the consideration or decision of this case.