William J. DRENNING and Hilda E. Drenning, h/w and Albert L. Styer, Jr. and Shirley M. Styer, h/w, Plaintiffs,

v.

John H. WILLIAMS, Defendant and Third-Party Plaintiff,

v.

Lawrence F. ANDRESEN, III, Third-Party Defendant.

Civ. A. No. 69–1802.

United States District Court,
E. D. Pennsylvania.

July 5, 1972.

Charles F. Knapp, Media, Pa., for plaintiffs.

Steven R. Waxman, Bolger & Picker, Philadelphia, Pa., for John H. Williams.

Joseph F. Ricchiuti, Liebert, Short, Fitzpatrick & Lavin, Philadelphia, Pa., for Lawrence F. Andresen.

## OPINION AND ORDER

HAROLD K. WOOD, District Judge.

Defendant, John H. Williams (Williams) moves for judgment n. o. v., or, in the alternative, for a new trial against third-party defendant Lawrence F. Andresen, III (Andresen). This action arose out of an accident which occurred when a car driven by Andresen, in which plaintiffs were passengers, collided with the side of Williams' tractor-trailer which had become mired in mud and extended perpendicularly across a portion of the highway. A jury returned a total verdict of $225,000.00 for plaintiffs against Williams and found against Williams' third-party action for contribution or indemnity against Andresen.

Williams does not challenge plaintiffs' verdict, but contends solely that he is entitled to judgment n. o. v. or a new trial against Andresen. For reasons hereinafter stated, we conclude that the motion for judgment n. o. v. should be granted.

Viewed in the light most favorable to Andresen, the operative facts are as follows:

Andresen was driving plaintiffs to their respective homes after the three had completed the late shift at Vishay Intertechnology, Incorporated at 3:00 A.M. As Andresen drove in a Westerly direction along Route 30 at approximately 50 to 55 miles per hour, he passed from an area illuminated by lights from commercial establishments into a "dark area" in which there were no streetlights or lights from nearby buildings. Andresen then entered a dip in the road. He does not recall whether he slowed down at this time. When he came out of the dip, he saw "the bottom part of a set of wheels" i. e.: the wheels of Williams' trailer. At this point Andresen was 60 to 65 feet away from the tractor-trailer. He immediately applied his brakes but was unable to stop before colliding with the side of the vehicle.

We conclude that these facts demonstrate negligence on Andresen's part as a matter of law. Pennsylvania law provides that "no person shall drive any vehicle, upon a highway . . . at a speed greater than will permit him to bring the vehicle to a stop within the assured clear distance ahead." Vehicle Code of 1929, P.L. 905, sec. 1002(a), as amended, 75 P.S. § 1002(a). It is the duty of a motorist to "keep his car under such control that he can always stop within the distance that he can clearly see." Andresen failed to perform this duty.

In Parker v. Reading Company, 363 F.2d 608 (3rd Cir. 1966), the Court was presented with facts similar to those of the case at bar. There plaintiff's decedent had driven up a slight incline and after continuing over the crest of the rise proceeded downhill approximately 80 feet where he collided head on with a locomotive. The evidence conclusively established that the locomotive was either stopped or traveling at a speed of 2 to 4 miles per hour. The night was very dark and no substantial illumination was provided by streetlights. The locomotive was unlit and silent. A jury returned a verdict for plaintiff and the district court denied defendant's motion for judgment n. o. v. In reversing the denial of defendant's motion, the Circuit Court held that the evidence compelled the conclusion that the decedent "either was driving in negligent violation of the assured clear distance rule or was guilty of an equally negligent failure to observe the road ahead and to see the large object looming in his path." The Court also reaffirmed the law that the

duty imposed by the assured clear distance rule does not vary when the assured clear distance is shortened by darkness, fog, a curve in the road or the crest of a hill.

In Metro v. Long Transportation Company, 387 Pa. 354, 127 A.2d 716 (1956), the Court unanimously affirmed the granting of defendant's motion for judgment n. o. v. where plaintiff's decedent's tractor-trailer collided with defendant's tractor trailer which was stalled on the highway. The Court observed that "[The] assured clear distance rule has been the law of Pennsylvania for many years. It was established as a common law principle and imbedded in our law by . . . statute. Our courts have called it, 'the only safe rule', . . . 'inflexible', . . . 'fixed and unchangeable', . . . The statute has been applied in many cases as requiring judgment n. o. v. against operators of vehicles who have driven into obstructions on the highway, *regardless of the negligence of the person who created the hazard*." (emphasis added). See also Rich v. Petersen Truck Lines, Inc., 357 Pa. 318, 53 A.2d 725 (1947).

Finally, in Hollern v. Verhovsek, 220 Pa.Super. 343, 287 A.2d 145 (1971), plaintiff's vehicle collided with an overturned tractor-trailer which had been involved in an accident with another vehicle. The second accident occurred at approximately 11:00 P.M. Plaintiff's evidence established that no warning flares or lights had been placed near the capsized tractor-trailer and that the scene of the first accident was obscured by a dark cloud of dust and/or smoke. In affirming the trial court's granting of defendant's motion for compulsory nonsuit, the court held that plaintiff had, as a matter of law, violated the assured clear distance rule and could not recover.

Stano v. Rearick, 441 Pa. 72, 271 A.2d 251 (1970), cited by Andresen, is inapposite to the facts of this case. *Stano* holds merely that a motorist does not violate the assured clear distance rule when an object ahead of him in the road is so camouflaged or deceptive in appearance as not to be visible in time for him to stop before striking it. There is no evidence that Williams' tractor-trailer was so camouflaged or deceptive in appearance that it was imperceptible to Andresen. Also inapposite are Nelson v. Damus Bros. Co., Inc., 340 Pa. 49, 16 A. 2d 18 (1940), and Buohl v. Lockport Brewing Co., 349 Pa. 377, 37 A.2d 524 (1944). These cases involve situations in which a motorist is temporarily blinded by bright lights from another vehicle. See Notarianni v. Ross, 384 Pa. 63, 119 A.2d 792 (1956).

■ The facts of the instant case permit no other interpretation but that Andresen failed to keep his car under such control as to comply with the duty imposed by the assured clear distance rule and that this failure was a proximate cause of the accident in which he was involved. Moreover the previously cited cases make it clear that he was not relieved of that duty merely because the assured clear distance ahead of him was shortened by the dip in the road.

■■ We observe that in each of the cases cited above wherein judgment n. o. v. was granted, it was granted in favor of a defendant against a plaintiff whereas in this case it will be granted in favor of an original defendant and third-party plaintiff against a third-party defendant. This distinction does not, however, preclude us from granting judgment n. o. v. "where it is clear from the undisputed facts of record that defendant's negligence was a proximate cause of the accident, it should be so declared despite a jury determination apparently to the contrary." Cowger v. Arnold, 460 F.2d 219 (3rd Cir. 1972); Shakley v. Lee, 368 Pa. 476, 84 A.2d 322 (1951). Clearly the same rule applies to third-party defendants. Moreover the Pennsylvania rule which precludes a directed verdict for plaintiffs (and presumably third-party plaintiffs) in a negligence (trespass) action based on oral

testimony "is not applicable . . . in a diversity action in a federal court where federal law governs questions of when the jury must decide whether the particular elements of liability exist." *Cowger, supra.*