**William J. DRENNING et al.,**

v.

**John H. WILLIAMS, Appellee,**

v.

**Lawrence F. ANDRESEN, III, Third-Party Defendant, Appellant.**

No. 72-1813.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit Rule 12(6) May 14, 1973.

Decided June 18, 1973.

to the automobile driver's own testimony (95a–100a, 120a–123a), the truck was some 70–80 feet beyond a dip in the road; he first saw the truck in his headlights immediately upon coming out of the dip in the road (over the crest of the hill forming the western end of such dip), when he was about 60–65 feet from it;[1] and because of his speed, about 50 to 55 miles per hour, he was unable to stop in time. As the district court opinion makes clear, driving at this speed under these circumstances violated Pa.Stat.Ann. tit. 75, § 1002(a),[2] and, under the admitted facts, was negligence as a matter of law. *See* Drenning v. Williams, 344 F.Supp. 1365 (E.D.Pa. 1972), and cases cited therein.[3]

The judgment of the district court will be affirmed.

---

Joseph F. Ricchiuti, Liebert, Short, Fitzpatrick & Lavin, Philadelphia, Pa., for appellants.

Steven R. Waxman, Bolger & Picker, Philadelphia, Pa., for appellee.

Before VAN DUSEN, GIBBONS and ROSENN, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM.

This appeal challenges the July 5, 1972, order entering judgment n. o. v. in favor of the defendant truck driver in his claim for contribution from the third-party defendant automobile driver. The plaintiffs, passengers in the automobile, were injured when it collided with the defendant's disabled flatbed trailer which was blocking the westbound lane of the highway. According

---

1. The third-party defendant conceded that he saw the trailer as soon as he came over the crest of the dip without interference from darkness or any other factor.

2. 75 P.S. § 1002(a) provides that "no person shall drive any vehicle, upon a highway . . . at a speed greater than will permit him to bring the vehicle to a stop within the assured clear distance ahead."

3. The discussion of the facts and cases in this district court opinion makes it unnecessary for us to elaborate upon them here.