Wright, Appellant, *v.* Southeastern
Pennsylvania Transportation Authority et al.

Argued September 8, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Francis X. Nolan*, with him *Donsky, Katz, Levin and Dashevsky*, for appellant.

*Robert J. Spiegel*, for appellee, Southeastern Pennsylvania Transportation Authority.

OPINION BY CERCONE, J., March 29, 1976:

The verdict-winner and plaintiff below, James Wright, brings this appeal challenging the propriety of the lower court's ordering of a trial *de novo* upon the motion of the defendant, Southeastern Pennsylvania Transportation Authority (SEPTA). Appellant's cause of action, which arose from a collision between one of defendant's buses on which he was a passenger, and a

car driven by William Crockett, was consolidated for trial with the cause of action filed by Mr. Crockett against SEPTA.[1] The relevant facts giving rise to these causes of action are as follows:

On October 11, 1968, Mr. Wright boarded a northbound SEPTA bus which had stopped to pick up passengers at the corner of Broad Street and Girard Avenue in Philadelphia. With Mr. Wright still standing by the fare box in the front of the bus, it proceeded into the intersection on Broad Street. While crossing the intersection the bus was struck on the right side near the rear wheel by the automobile driven by Mr. Crockett, which had been proceeding westbound on Girard Avenue. The collision threw Mr. Wright to the floor and caused the injuries for which he now seeks damages.

The intersection of Broad and Girard is controlled by a traffic signal; and, as might be expected, the testimony concerning the right of way at the time of the collision was in conflict. Mr. Wright testified that from his vantage point in the front of the bus he noticed that the traffic light turned red for northbound traffic immediately before the bus advanced into the intersection. The driver of the bus testified that the light was green for northbound traffic as he entered the intersection, but changed to yellow, and then to red as he crossed Girard Avenue. The bus driver's testimony was corroborated by the testimony of three other passengers on the bus that day. Mr. Crockett testified that the light was green for Girard Avenue traffic when the collision occurred. Indeed, Mr. Crockett stated that his car was the third westbound vehicle to enter the intersection after the traffic light changed colors.

---

1. Mr. Crockett was also joined by SEPTA as an additional defendant in the suit filed by Mr. Wright. However, after the first day of trial, SEPTA and Mr. Crockett settled, SEPTA agreeing to pay Mr. Crockett $1750 in full satisfaction of his claim. It was further agreed that the case would nevertheless go to the jury, but that the agreement would be binding regardless of the outcome of the trial. Hence, Mr. Crockett has not appealed the court's award of a new trial.

The weak point of Mr. Crockett's testimony, and the point upon which the lower court granted SEPTA's motion for a new trial, was his admission that he had not ascertained that the intersection was clear immediately before entering it. He testified that, while waiting for the light to change on Girard Avenue, he had noticed the SEPTA bus taking on passengers at the corner. When the light changed green he followed the two cars in front of him into the intersection, and began to make a right-hand turn onto Broad Street, without looking to see whether the northbound traffic had stopped. By so testifying Mr. Crockett tended to establish his own contributory negligence. *Koehler v. Schwartz*, 382 Pa. 352, 355 (1955); *Byrne v. Schultz*, 306 Pa. 427 (1932). The fact that one has the right of way at an intersection controlled by a traffic light does not relieve him of the duty to ascertain that the intersection is clear prior to proceeding into it. *Kimmel v. Yellow Cab Co.*, 414 Pa. 559 (1964); *Scull v. Epstein*, 167 Pa. Superior Ct. 575 (1950). See also Annotation, 2 A.L.R.3d 12, 57-58. Thus, when it is established that a party entered an intersection without looking right and left, and that his failure to do so was a proximate cause of an ensuing collision, he will be held to be contributorily negligent as a matter of law. *Moore v. Smith*, 343 F.2d 206 (3d Cir. 1965).

In the instant case, the lower court determined that, in light of the above-stated law in Pennsylvania, when the jury returned a verdict in favor of Mr. Crockett, it manifested such a total disregard for the law applicable to these facts that its verdict could only be a product of an undisclosed prejudice or bias toward SEPTA. From this premise the court reasoned that the jury's prejudice necessarily infected its verdict of $18,000 in favor of appellant, Mr. Wright, against SEPTA, alone.[2] See, e.g.,

---

2. The facts established that Mr. Wright was a sixty-five year old who had been a roofer for forty years. The diagnosis of Mr. Wright's physician was that he suffered acute sprain and strain of the lumbosachral spine with principal involvement of the left sacrospinalis

*Andrews v. Jackson*, 211 Pa. Superior Ct. 166, 170-71 (1967). Because we disagree with the lower court's premise, we disagree with its conclusion that Mr. Wright's verdict was manifestly a product of prejudice, so that a new trial need be awarded. *Scaife Co. v. Rockwell-Standard Corp.*, 446 Pa. 280, 290 (1971); *Hilliard v. Anderson*, 440 Pa. 625, 628 (1970). We find that the court did not declare Crockett contributorily negligent as a matter of law but, on the contrary, failed in its charge to the jury to foreclose the question of Mr. Crockett's contributory negligence under the facts of this case. Thus, the jury's verdict was consistent with the law and evidence, as it was presented to them. That being the case, the court could not properly infer prejudice against SEPTA which tainted the integrity of the jury's verdict in favor of Mr. Wright. This is so for the following reasons:

First, the court in its charge to the jury did not review the testimony of Mr. Crockett and Mr. Wright. Reviewing that testimony, we find that the jury could have concluded that Mr. Crockett noticed, moments before he entered the intersection, that the bus was stopped at the corner of Broad and Girard and reasonably believed that the bus would not begin to cross the intersection against the light. On that basis the jury may well have concluded that Mr. Crockett was not negligent. Indeed, part of the court's charge may have fortified that conclusion. The court did not instruct the jury that Mr. Crockett had a *continuing* duty to watch for the bus as he entered the intersection. Instead the

---

muscle, contusions and abrasions of the right hip, acute sprain of the medial collateral ligament of the right knee and abrasions and contusions of the right knee. These injuries had rendered Mr. Wright unemployed, and unemployable, as a roofer because he was no longer able to climb ladders or lift heavy buckets of tar or equipment to the roofs. Hence, the verdict of $18,000 in the instant case is not so excessively high as to manifest any prejudice or bias against SEPTA, or shock the conscience of the court. *Flank v. Walker*, 398 Pa. 166, 171 (1960). See also *Searles v. Breiner*, 443 Pa. 557 (1971).

court charged: "That is the reason why the law requires, even though you have a green light, you must look first and *if you look, you do not have to anticipate that someone is going to violate the law.*" [Emphasis added.]

Second, the court, of course, did not direct a verdict for SEPTA against Crockett, or for Wright against Crockett, on the basis of Crockett's duty to remain vigilant as he proceeded into the intersection. Indeed, the court expressly instructed the jury on the result they *must* reach if it found Crockett *non*-negligent: "If you find SEPTA alone negligent and that negligence is the proximate cause of the harm, then you have to find for Crockett in the case of Crockett against SEPTA and you must find for Wright against SEPTA alone and in favor of Crockett as an additional defendant."

Thus, in light of the facts of this case and the court's instructions, it cannot be said that the jury's verdict manifested such prejudice, bias, antipathy or hostility toward SEPTA sufficient to justify the court's ordering a new trial upon Mr. Wright's cause of action. In doing so the lower court abused its discretion and usurped the function of the jury. *Shapiro v. Philadelphia Elec. Co.*, 342 Pa. 416 (1941).

Finally, with the question of prejudice resolved, appellant's cause of action need not be retried even if the court erroneously instructed the jury on Mr. Crockett's contributory negligence. In that regard, the instant case is similar to *Stano v. Rearick*, 441 Pa. 72, 78 (1970), where our Supreme Court stated:

"In passing upon the motion for a new trial as to appellee Stano, we are confronted with Stano's status as an innocent guest. No evidence was produced at trial to demonstrate any improper behavior on the part of Stano nor does appellee Stano fit within any of the categories recently enunciated by this court in *Smalich v. Westfall*, 440 Pa. 409, 269 A.2d 476 (1970), that would justify an imputation of contributory negligence. Since the jury has unequivocally found

that Rearick was negligent, it logically follows that if Rosenberger (additional defendant) is found, upon retrial, to have violated the 'assured clear distance ahead rule,' Rosenberger and Rearick would become joint tortfeasors."

The Court in *Stano* then went on to add that the subsequent trial would decide the matter of contribution between the two defendants. Were it not for SEPTA's settlement with Mr. Crockett in the instant case, that might be the appropriate procedure herein, as well.[3]

Accordingly, the order of the lower court granting appellee's motion for a new trial is hereby reversed.

JACOBS and SPAETH, JJ., concur in the result.

---

3. The question of remittitur was not raised in the court below nor in this appeal. However, in cases such as the instant case, where liability is not disputed, it will behoove the trial court to attempt to accommodate the parties through remittitur before passing on the defendant's motion for a new trial. See, e.g., *Gough v. Halperin*, 306 Pa. 230 (1932); *Clarkson v. Crawford*, 285 Pa. 299 (1926).