## Yocum *v.* Reading City, Appellant.

*Negligence—Defective street—Holes in asphalt—Motor cycle—Contribulory negligence.*

In an action against a city to recover damages for personal injuries sustained by the plaintiff by reason of a fall from a motor cycle, the plaintiff cannot be convicted of contributory negligence as a matter of law, where the evidence shows that at the time of the accident the plaintiff was riding over an asphalt pavement broken up with numerous holes; that he was not familiar with the street, which had been recently sprinkled; that he slowed down to a very slow speed; that beyond a particular corner he encountered a large hole, but passed it keeping close to the curb; that looking ahead of him he observed between the curb and the street railway track several teams, some moving and some standing near the curb, and that with his attention directed partly to the street bed and partly to the teams, he ran into another hole which he did not see and was thrown and injured.

Argued Feb. 26, 1912. Appeal, No. 153, Jan. T., 1911, by defendant from judgment of C. P. Berks Co., Sept. T., 1909, No. 30, on verdict for plaintiff in case of Charles Yocum v. Reading City. Before Fell, C. J., Brown, Mestrezat, Elkin and Stewart, JJ. Affirmed.

Trespass to recover damages for personal injuries.

At the trial the jury returned a verdict for plaintiff for $8,456.50. On a rule for a new trial and for judgment for defendant n. o. v. Endlich, P. J., filed the following opinion:

The complaint that the verdict rendered in this case is excessive was abandoned at the argument. The remaining reasons assigned in support of the application for a new trial, except those relating to the refusal of defendant's points, were not attempted to be sustained by any contention pertinent to them. The points referred to contemplating binding instructions in favor of defendant, their consideration is more properly involved

in the disposition of the application for judgment n. o. v.,—which, indeed, is the only one now pressed. It is grounded, as the city solicitor explicitly states, upon the theory that the testimony of the plaintiff himself discloses contributory negligence on his part to be declared by the court.

The very recent decision in Joyce v. R. R. Co., 230 Pa. 1, reiterates the well-established rule that the question of contributory negligence is for the court only where both the facts and the inferences to be drawn from them are free from doubt,—so much so as to make it inconceivable that any two minds could rationally differ in their conclusions.

The plaintiff had had a year's experience in riding his motor-cycle when the accident happened upon Eighth street, one of the principal thoroughfares of the city. He was riding south towards Penn street, which is two blocks from the point where he came upon Eighth street. He had not been in the habit of passing over this portion of Eighth street, and was not familiar with its condition. The block immediately north of Penn street, between it and Washington street, had for some considerable time been and then was very much out of repair. The asphalt pavement was broken up with numerous holes. When plaintiff reached Washington street he found the street freshly sprinkled, and slowed down to a very low speed. Beyond Washington street he at once encountered a large hole, but passed it keeping close to the curb. Looking ahead of him he observed between the curb and the street railway track several teams, some moving and one standing at the curb. With his attention directed partly to the street bed and partly to the teams, he ran into another hole which he did not see. His machine broke and he, in falling, was very severely and permanently injured. His own testimony in chief and on cross-examination as to what he was doing and how he was proceeding cannot be declared as matter of law to con-

vict him of any omission of duty. After getting by the first hole, he says—

I proceeded but a very short distance when my attention was attracted by some teams; I was going ahead, I looked carefully. Q. Did you look at the roadway? A. Yes, sir. Q. Did you see any hole? A. No, sir.....
Q......You say you didn't see a hole? A. No, sir.....
Q. You didn't look down at the time that you were passing there because you say you were looking at the teams? A. I looked carefully ahead when I was riding there, straight ahead.....Q. And your attention was directed to the teams; is that right? A. Yes, sir. Q. And you you were not looking down on the street at that time? A. No, sir, not when I was looking at the teams.....Q. And you were thinking of passing by those teams? A. Yes, sir, I was thinking of passing the team that was moving; it was my intention that that team should pass the one that was tied to the post and I would pass it at Court street.....Q. (After passing the first hole) you didn't look for any more holes after that? A. No, sir. I looked ahead on the road and watched the teams too .....as a man will do when he is driving, he cannot give his sole attention to a horse or to an automobile or to the road, because in doing one or the other something else may happen; he has to watch for both. Q. Just at that particular time.....you were not paying any attention to the street and you said so, didn't you? A. No, sir; I looked ahead on the road. Q. You just said that your attention was directed to the teams? A. Well, I looked at the road and then looked at the team; I couldn't look at the two at one time.....Q. And you looked down on the ground? A. I looked at the ground and then looked around for teams, that I might avoid the teams.....Q. Well, it was daylight? A. It was daylight. Q. It was light enough for you to have seen the hole if you had looked for it? A. No, sir, I couldn't see the hole. Q. You couldn't see the hole? A. I didn't

see the hole. Q. And your eyesight was good? A.....
yes, sir.

If in all this there are any inconsistencies, it was of course for the jury to deal with them and to ascertain the effect of the testimony as a whole: Kohler v. R. R. Co., 135 Pa. 346; Danko v. Rys. Co., 230 Pa. 295. It certainly does not exclude, as unreasonable and capricious, an interpretation whereby his conduct would appear to have been unobjectionable, judged by the rules laid down in such cases as Evans v. Philadelphia, 205 Pa. 193; Quinlan v. Philadelphia, 205 Pa. 309; McClay v. Philadelphia, 224 Pa. 174. Under the charge, which is not impugned, the jury must be understood as having put that interpretation upon it, and that settles his right to recover.

The rules to show cause are discharged.

*Error assigned* was in refusing binding instructions for defendant and in refusing motion for judgment n. o. v.

*Henry P. Keiser,* for appellant.—The accident happened at about half past ten in the morning with nothing to obstruct the plaintiff's view and the result can be reconciled only upon the theory that he took his chances in riding along a street that was apparently dangerous and therefore negligent in doing so, as well as in not looking for defects which he knew existed.: Dwyer v. Port Allegheny Borough, 216 Pa. 22; Evans v. Philadelphia, 205 Pa. 193; Erie v. Magill, 101 Pa. 616; Fleming v. Lock Haven, 15 W. N. C. 216; Wilson v. Charlestown, 90 Mass. 137; Hill v. Tionesta Township, 146 Pa. 11; Forks Twp. v. King, 84 Pa. 230; Shallcross v. Philadelphia, 187 Pa. 143; Robb v. Connellsville Borough, 137 Pa. 42; Sickel v. Philadelphia, 209 Pa. 113; Dougherty v. Philadelphia, 210 Pa. 591; Iseminger v. York Haven Water & Power Company, 206 Pa. 591.

*John B. Stevens,* with him *Isaac Hiester,* for appellee. —The case was for the jury: Danko v. Rys. Co., 230 Pa. 295; Joyce v. R. R. Co., 230 Pa. 1; Cronmuller v. Evening Teleg., 232 Pa. 14; McManamon v. Hanover Twp., 232 Pa. 439; Wood v. Bridgeport Borough, 143 Pa. 167; Brown v. Milligan, 33 Pa. Super. Ct. 244; Graham v. Philadelphia, 19 Pa. Super. Ct. 292.

The plaintiff's right to recover was based on the cases of Evans v. Phila., 205 Pa. 193; Quinlan v. Phila., 205 Pa. 309; McCay v. Phila., 224 Pa. 174, and Graham v. Phila., 19 Pa. Super. Ct. 292.

PER CURIAM, March 18, 1912:

The negligence of the city in not maintaining its streets in a safe condition, if not conceded was not disputed and the only question at the trial was whether the plaintiff made out a case clear of contributory negligence. On this subject nothing can be added to what is said by Judge ENDLICH in discharging the rules for a new trial and for judgment non obstante veredicto.

The judgment is affirmed.