# Kuntz *v.* Waldameer Co., Appellant (No. 1).

*Negligence — Defective road — Street railway — Contributory negligence—Motorcycle.*

Where a street railway company maintains a road across its own property leading from a public highway to an amusement park, it is bound to keep such road in a reasonably safe condition for those who avail themselves of the company's invitation to use it. If it permits a dangerous rut or hole to exist in the road for such a

## 74 KUNTZ v. WALDAMEER CO., Appellant (No. 1).

period of time as to affect the company with constructive notice, at least, of its existence, the company will be liable in damages for personal injuries to a woman who was thrown from a motorcycle by reason of such rut.

In such a case where it appears that the plaintiff was riding behind her husband at night, and that the husband, who was a competent person to operate the machine, was blinded by the lights of an approaching automobile when the accident occurred, the plaintiff cannot be charged with contributory negligence as a matter of law, either because she was riding in an insecure place, or because she and her husband did not dismount; and this is the case although the husband testified that if he had not been blinded temporarily by the light of the automobile he would probably have seen the defect in the road, and could have avoided it.

Argued April 10, 1917.   Appeal, No. 185, April T., 1917, by defendant, from judgment of C. P. Erie Co., Feb. T., 1916, No. 140, on verdict for plaintiff in case of Louisa Kuntz v. Waldameer Co.   Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ.   Affirmed.

Trespass to recover damages for personal injuries. Before WHITTELSEY, J.

At the trial it appeared that on the night of July 20, 1915, about nine o'clock Mrs. Kuntz who was riding behind her husband on a motorcycle was thrown from the machine and injured.   The circumstances of the accident and the locality where it appeared are described in the opinion of the Superior Court.

Verdict and judgment for Louisa Kuntz for $750 and for G. B. Kuntz for $500.   Defendant appealed.

*Error assigned* was in refusing to enter judgment for defendant n. o. v.

*W. S. Carroll* and *J. M. Sherwin,* for appellant.— Plaintiff was guilty of contributory negligence in proceeding while he was temporarily blinded by the headlight of a passing automobile.

Where two parties engage in a common expedition,

one is not the guest of the other and it is the duty of each to take proper precautions: Wade v. West Maryland R. R. Co., 220 Pa. 578.

Where a woman permits her husband to test a manifest danger, she is guilty of contributory negligence: Kunkle v. Lancaster Co., 219 Pa. 52; Dean v. Penna. R. R. Co., 129 Pa. 514.

*M. Levant Davis,* for appellee, cited: Yocum v. Reading City, 235 Pa. 552; Ake v. Pittsburgh, 238 Pa. 371; Nudd v. Lansdowne Boro., 190 Pa. 89; Backer v. Aspinwall Borough, 255 Pa. 541.

OPINION BY HEAD, J., October 8, 1917:

The defendant company owned and operated what is called an amusement park in the suburbs of the City of Erie. To enable the desired patrons to reach the various buildings and structures provided for their entertainment and pleasure it became necessary for the defendant to construct and maintain a road across its own property leading from the public highway to that portion of its grounds where the entertainment which sought public patronage was located. The public was thus invited to use the road as if it were an ordinary highway. Under such circumstances the duty imposed by law upon the defendant company to keep its road in a reasonably safe condition for those who availed themselves of its invitation cannot be doubted: Yocum v. Reading, 235 Pa. 552; Sheets v. Sunbury, Etc., Electric Ry. Co., 237 Pa. 153; Sellmer v. Ringling, 62 Pa. Superior Ct. 410. There was abundant evidence to warrant a finding that a dangerous rut or hole had been permitted by the defendant to exist in this road for such a period of time as to affect the company with constructive notice at least of its existence. The learned trial judge therefore rightly submitted to the jury, in a proper charge, the question of the defendant's negligence. The verdict has established the fact such negligence existed.

The proposition most earnestly urged upon us by the able counsel for appellant is that the court below should have declared, as matter of law, the plaintiff was guilty of contributory negligence.  We are unable so to conclude.  It is said the plaintiff and her husband were riding on a motorcycle and that the seat occupied by the wife in the rear of her husband was insecure.  It may have been so, but no court could so declare, as a matter of law.  The plaintiff's husband apparently was a competent person to operate the machine on which they were riding.  While traveling along the road to that portion of the park they were invited to visit, they encountered an automobile approaching them.  The glare of its headlights made it difficult for the plaintiff's husband to see with any distinctness the condition of the road immediately in front of him.  Too much stress we think is placed upon a single statement made by him in the course of his cross-examination to the effect that if he had not been blinded temporarily by the lights of the approaching automobile he would probably have seen the defect in the road and could have avoided it.  This, of course, was not the statement of any fact and was but an opinion on the part of the witness.  It is true he could have stopped his motorcycle, as it appears to have been thoroughly under his control, but did not do it.  Could the learned trial judge, with propriety, have declared, as matter of law, that his failure to actually stop his machine under these conditions amounted to contributory negligence?  We cannot think so.  A moment's reflection will show that many automobiles might be leaving a pleasure resort at about the same hour in the evening.  If the plaintiff and her husband were compelled by law to stop their machine and dismount until every automobile had gone by, they might be prevented from reaching their destination at all.  The plaintiff's husband was doubtless required by the law to so handle his machine, or if necessary to stop it entirely, as to prevent his collision with a pedestrian or vehicle

on the road, the presence of which he was reasonably
bound to expect. He was not bound to anticipate that a
road on which he was invited to travel concealed a defect
dangerous to him even while operating his machine with
the greatest care. He could see quite well enough to
avoid an oncoming automobile. He was on the side of
the road he had a right to be and he suffered the injury
complained of because of a defect in the roadway which
he was not obliged to anticipate.

We are of opinion the case was for the jury on both
branches and we find no reversible error in the manner
of its submission. The assignments of error are over-
ruled.

Judgment affirmed.