Farley, Appellant, *v.* Ventresco.

Argued April 18, 1932. Before FRAZER, C. J., SIMP-
SON, KEPHART, SCHAFFER, MAXEY and DREW, JJ.

*N. S. Winnet,* with him *B. I. deYoung,* for appellant.
—Plaintiff's negligence in driving for a period of two
seconds while blinded by the lights of automobiles com-
ing in the opposite direction was for the jury: Galliano
v. Electric Co., 303 Pa. 498; Mountain v. Glass Co., 263
Pa. 181; Weiss v. Ry., 301 Pa. 539; Wilson v. Beef Co.,
295 Pa. 168; Kuntz v. Waldameer Co., 68 Pa. Superior
Ct. 73.

We content ourselves by citing the following cases
from other jurisdictions, all involving the question of
plaintiff's contributory negligence, because of his failure
to stop when blinded by lights of automobiles coming in
the opposite direction. In every one of these cases the
court held that a plaintiff cannot be held contributorily
negligent as a matter of law: Rice v. Foley, 98 Conn.
372; Treftz v. Kirby, 146 Atl. (N. J.) 688; Willis v.
Lumber Co., 82 Cal. App. 751; Powell v. Schofield, 223
Mo. App. 1041; Forster v. Consumers Wholesale Co.,
174 Minn. 105; Coco-Cola Bottling Co. v. Shipp, 174
Ark. 130.

*Langdon W. Harris, Jr.* of *Herman & Harris,* for ap-
pellee.—Plaintiff, who drives his automobile while

blinded by approaching headlights at a speed of 25 to 30 miles an hour a distance of 150 feet or more, is guilty of contributory negligence: Wilhelm v. Ry., 281 Pa. 69, 70; Robinson v. Twp., 90 Pa. Superior Ct. 139.

Plaintiff's failure to comply with the requirements of the Motor Vehicle Act in regard to the adjustment of his headlights convicts him of contributory negligence.

In any event, plaintiff should have had headlights on his automobile that would enable him to see in advance any obstacles in his path, and to be able to stop before coming in contact with them: Serfas v. R. R., 270 Pa. 306.

Plaintiff's failure to stop or turn out when the crane intercepted his path shows lack of control: Brink v. Scranton, 85 Pa. Superior Ct. 342; Filer v. Filer, 301 Pa. 461; Mason v. Lavine, 302 Pa. 472; Simrell v. Eschenbach, 303 Pa. 156; O'Rourke v. Washington City, 304 Pa. 78.

OPINION OF MR. JUSTICE SIMPSON, May 9, 1932:

Plaintiff, the owner of an automobile, recovered a verdict and judgment in an action of trespass for negligence, against defendant, who had parked his crane on a public street. The Superior Court decided that defendant was guilty of negligence, but, reversing the judgment of the court below on this point, entered judgment in defendant's favor non obstante veredicto, on the ground that plaintiff was contributorily negligent, as a matter of law. On this appeal, which we specially allowed, the single point we are asked to determine is that set forth in plaintiff's statement of the question involved: "Is a plaintiff *necessarily* guilty of contributory negligence if, though blinded by lights of automobiles coming in the opposite direction, he continues to drive for a period of two seconds, striking a crane parked without lights on a dark street?"

In considering the point, all the facts and proper inferences of fact, which tend to sustain plaintiff's conten-

tion, must be accepted as true, and all those to the contrary, if depending solely upon testimony, must be rejected: Donovan v. Phila. Rapid Transit Co., 273 Pa. 152; Connors v. Dempsey, 303 Pa. 128. Thus viewed, they are as follows: Plaintiff, on a night when the moon was not shining, was driving his automobile on Frankford Avenue in the City of Philadelphia. The avenue runs southwestwardly and is upgrade to and slightly beyond Cheltenham Avenue, after which it turns towards the south and thereafter runs down a slight grade. Along the westward side of Frankford Avenue, south of Cheltenham Avenue, was a bank supporting the land of the adjoining property, near which bank, in the bed of the street and about 80 or 100 feet south of Cheltenham Avenue, defendant had placed his unlighted crane. Its neutral color caused it to blend into that of the bank, so that it was difficult for the drivers of approaching automobiles to see it; and it was so placed that the headlights of such automobiles would not disclose the crane until they had passed over the brow of the hill, and had entered the straight part of the avenue. While ascending the hill, the lights would shine over the top of the crane, and, until the road became straight, they would shine to the west of it.

Upon the night of the accident, plaintiff was driving his car at a speed of about twenty-five miles an hour. As he drove over the hill and rounded the curve, a number of automobiles, coming from the opposite direction, and traveling so near to or over the center line of the avenue as to crowd plaintiff's car towards the bank on the right side of the road, with their headlights shining full in his face, temporarily blinded him, so that, for the instant, he could not see at all. The effect of this was that he did not learn of the presence of the unlighted crane until it was too late to stop his own car in time to wholly escape a collision, although he had moved far enough to the left to avoid the body of the crane, striking, however, one of its projecting caterpillar wheels. As appellee ad-

mits, plaintiff had but two seconds in which to act, during which time his automobile could readily have traveled the distance between the points of discovery and collision.

Defendant contends that because plaintiff said he supposed the headlights of his car cast a beam for a distance of between 50 and 75 feet, it was improperly equipped in that respect, under section 804 of the Vehicle Code of May 11, 1927, P. L. 886, 923. This statute was repealed in its entirety, before the accident occurred, by section 1401 of the Vehicle Code of May 1, 1929, P. L. 905, 1002.

Defendant next contends that plaintiff cannot recover because he did not comply with section 1002 of said Vehicle Code of May 1, 1929, P. L. 905, 973, which provides that "no person shall drive any vehicle upon a highway ......at a speed greater than will permit him to bring the vehicle to a stop within the assured clear distance ahead." In conjunction with this, defendant urges the principle of a number of our cases which hold that a driver must carefully watch so that he can see, if this is reasonably possible, any obstacle in his way, and can stop before a collision with it. We need not cite these cases, since we unhesitatingly reaffirm the principle set forth in them; but they do not help defendant here. There is no evidence that plaintiff's automobile *could not* be stopped "within the assured clear distance ahead," but, at most, that it *was not* so stopped at the time of this accident. If we assume from this—despite the fact that his car had been "inspected and approved" about two weeks before the accident—that the burden was on plaintiff to show he had a reasonable excuse for his failure in that respect, then the fact of his temporary blinding, without fault of his own and proved to the satisfaction of the jury and trial judge, so that he could not see the negligently parked crane in time to avoid the accident, was such reasonable excuse. No one would contend that he would have been guilty of contributory negligence if the blinding had resulted from a brilliant flash

of lightning. Since it was without fault on his part, we can no more say that he was bound to know what to do and actually to do it, within the short space of two seconds, whatever the cause of his blinding, especially as suddenly stopping would have put him in peril from the cars closely following him on the highway: Kuntz v. Waldameer Co. (No. 1), 68 Pa. Superior Ct. 73; Cupples, Jr. v. Yearick, 99 Pa. Superior Ct. 269.

The case was clearly one for the exercise of reasonable judgment by the trial court and jury, and we cannot say, as a matter of law, that they erred in the conclusion which they reached. Indeed, we think that, under like circumstances, probably very few car drivers would have acted otherwise than as plaintiff did. We have not heretofore had occasion to pass upon this exact question, but it has been before the courts of last resort in a number of our sister states, and they have invariably reached the conclusion now approved by us: Coca Cola Bottling Co. v. Shipp, 174 Ark. 130; Rice v. Foley, 98 Conn. 372; Frederick & Baltimore Transportation Co. v. Mumford, 154 Md. 8; Powell v. Schofield, 223 Mo. App. 1041; Frowd v. Marchbank, 154 Wash. 634. As stated in the case last cited (page 640): "to say that it is negligence to drive past an automobile in such a situation [i. e. having blinding headlights] is practically to say that it is negligence to drive along a highway in the nighttime at all."

The judgment of the Superior Court is reversed, and that of the court of common pleas is reinstated and affirmed.