Maranca *v.* Philadelphia (et al., Appellant).

532

Argued November 24, 1958. Before JONES, C. J., BELL, MUSMANNO, JONES, COHEN and BOK, JJ.

*Thomas Raeburn White, Jr.,* with him *White, Williams & Scott,* for appellant.

*Max Meshon,* with him *Herbert Brener,* and *Eilberg, Meshon & Brener,* for appellee.

OPINION BY MR. CHIEF JUSTICE JONES, January 12, 1959:

This appeal is from a judgment for the plaintiff against the Reading Company for personal injuries and damage to his automobile which the plaintiff suffered as the result of an accident on Delaware Avenue, Philadelphia. Originally the plaintiff had also sued

the City of Philadelphia jointly and, later, the Union Paving Company had been brought on the record as an additional defendant. At trial, the plaintiff suffered a voluntary nonsuit as to both the City of Philadelphia and the Union Paving Company and proceeded against the Reading Company alone. The jury returned a verdict for the plaintiff. The defendant moved for judgment in its favor, notwithstanding the verdict, on the ground that the plaintiff was guilty of contributory negligence as a matter of law. The court *en banc* overruled the motion and entered judgment on the verdict for the plaintiff which the Reading Company has appealed. The appellant's sole assignment is alleged error in the lower court's refusal of the motion for judgment n.o.v. The appellant concedes that the question of its own negligence, as the proximate cause of the accident, was a question for the jury under all the evidence in the case.

The oft-repeated rule requires that, in considering a motion for judgment n.o.v., the evidence is to be viewed in the light most favorable to the verdict; all conflicts in the testimony are to be resolved in favor of the verdict winner who is also entitled to all favorable inferences of fact reasonably deducible from the evidence: *Pro v. Pennsylvania Railroad Company,* 390 Pa. 437, 441-442, 135 A. 2d 920; *Bartleson v. Glen Alden Coal Company,* 361 Pa. 519, 521, 64 A. 2d 846.

The accident in suit occurred when the plaintiff, while traveling north on Delaware Avenue around 9 P.M. on the night of October 22, 1955, drove into an unlighted obstruction athwart the highway in the form of a ridge of earth and cobblestones, approximately three feet in height and actually extending 51 feet into Delaware Avenue from the east side of the street. The obstructing ridge had been thrown up by the Reading Company in its excavation of a trench or ditch along

a siding track which traversed Delaware Avenue at right angles in an east-west direction, the company having piled the excavated paving stones and earth on the street along the south edge of the open trench. Shortly before the happening of the accident, as the plaintiff was driving north on Delaware Avenue, he passed a well lighted excavation to his left on the west side of the roadway. This excavation, which was 100 to 150 feet south of the unlighted obstruction on the east or northbound side of the street, caused southbound traffic to veer into the northbound portion of the Avenue. The plaintiff, traveling at a rate of speed of 20 to 25 miles per hour, was confronted with just such a vehicle which came over into plaintiff's northbound lane of traffic approximately 50 to 100 feet south of the unlighted ridge of dirt and paving stones. Seeing nothing in front of him but the lights of the oncoming vehicle, the plaintiff, in order to pass it with safety, veered to his right and immediately smashed into the unlighted obstruction at a point approximately three feet from its west or outer end in the highway. The plaintiff testified that he had no idea what he had struck until he was pulled from the car. Delaware Avenue, at this location, is 150 feet in width; and railroad tracks, which are regularly used, extend 40 feet onto the southbound or west portion of the Avenue.

The appellant argues that the plaintiff's conduct constituted a violation of Section 1002(a) of The Vehicle Code of 1929, P. L. 905, as amended, 75 PS §501(a), which convicted him of contributory negligence as a matter of law. The cited section of the statute provides that ". . . no person shall drive any vehicle . . . at a speed greater than will permit him to bring the vehicle to a stop within the assured clear distance ahead." This requirement of automobile drivers rests on sound common sense developed from

experience and is a highly salutary provision. But it is not as plenary as the appellant would have us interpret it. To be considered, in applying the rule, is the inherent visibility of the thing to be seen within "the assured clear distance ahead". Or, to state another relevant possibility, has the presence of a highway obstruction suddenly been obscured by an intervening agency independently of anything the approaching driver could do in the circumstances?

It is well recognized that the assured clear distance rule has no application to a case in which a driver is blinded by the lights of an oncoming vehicle: *Buohl v. Lockport Brewing Company*, 349 Pa. 377, 379, 37 A. 2d 524; *Vierling v. Fry*, 354 Pa. 66, 68-69, 46 A. 2d 473, and numerous cases there cited. The evidence in the instant case amply supports the jury's finding that the plaintiff was not guilty of a violation of the rule. As stated by the court *en banc* in its opinion disposing of the appellant's after-verdict motion: "A reasonable and fair minded jury could readily infer that the lights of the oncoming vehicle caused or rendered plaintiff unable to see the unlighted mound of paving blocks of like hue to that of the highway. We cannot declare as a matter of law that plaintiff should have anticipated defendant's unlighted abutment lurking in the cartway behind the screen created by the beam of the glaring headlamps of the oncoming vehicle." Nor is it necessary, in order to exculpate a driver from a charge of having violated the assured clear distance rule, that he was totally blinded by the headlights coming toward him; it is sufficient if the testimony shows that "at the time of the crisis he was, with reason, unable to see a danger on the highway": *Perkon v. Marnella*, 392 Pa. 319, 322, 140 A. 2d 799. When the light beam of an oncoming vehicle interferes with a driver's vision, it would be hazardous and impractical

to require him, as a matter of law, to bring his car to an abrupt and sudden stop: *Farley v. Ventresco,* 307 Pa. 441, 446, 161 A. 534.

Even without the blinding lights of the oncoming vehicle, the plaintiff could well have had difficulty in seeing the obstruction ahead. Delaware Avenue is paved with cobblestone or Belgium block and the obstructing ridge consisted of paving blocks and dirt which had been excavated from the roadway. The obstruction would, therefore, look very much like the road from which its contents had been taken. And, this would be especially so on a dark night such as the one on which this accident occurred. The plaintiff testified that as he was driving along Delaware Avenue he saw a small flickering light near the building on the east side of the street opposite the excavation. Except for a street light located some distance north of the excavation, there was no other fixed illumination. The obstruction was so difficult to see that one witness described it as a veritable "booby trap".

In a strikingly similar situation (*Colonial Trust Company v. Elmer C. Breuer, Inc.,* 363 Pa. 101, 104, 69 A. 2d 126) the plaintiff drove his vehicle into some coils of steel which, shortly before, had been negligently dislodged from the defendant's truck and had dropped onto the highway. Prior to reaching the obstruction the plaintiff had been blinded by the headlights of a vehicle moving in the opposite direction. Holding that the plaintiff's failure to see the steel in sufficient time to avoid a collision did not constitute a violation of the assured clear distance rule or contributory negligence as a matter of law otherwise, this court, speaking through Mr. Chief Justice STERN said, "It would seem wholly unreasonable and unjust to hold that the operator of a motor vehicle was guilty of a violation

of the statute and therefore subject to the criminal penalty prescribed by it and to the characterization of his conduct as contributorily negligent because he did not lessen the speed of his car in the face of what was actually an obstruction on the roadway but was so camouflaged or deceptive in appearance that even a reasonably careful driver would not have been able to *realize* that it was such until he was actually upon it."

The case of *Mandell v. South Pittsburgh Water Company*, 319 Pa. 475, 181 A. 588, upon which the appellant places great reliance, is not in point. The highway obstruction in that case was not deceptive in appearance; nor was the plaintiff's vision interfered with by the headlights of an oncoming vehicle.

The appellant's further contention that the headlights of the plaintiff's automobile were not of sufficient intensity to reveal persons and vehicles at a distance of at least 100 feet ahead as required by Section 802.1 of The Vehicle Code of 1929, P. L. 905, as amended, 75 PS §352.1(b) is plainly untenable. The testimony well justified a finding by the jury that the plaintiff's headlights had been recently inspected, that they were in good condition and that they were turned on at the time of the accident. The further testimony that they failed to illuminate the highway for the statutorily required distance was highly speculative and definitely inconclusive. The jury was fully warranted in disregarding it.

Judgment affirmed.

Mr. Justice BELL dissents.