## Knaus v. McBeth

C.P. of Lawrence County, No. 10925 of 2013

*Charles W. Garbett*, for plaintiff.
*Stephen Ledva, Jr.*, for defendant.

MOTTO, *P.J.*, Nov. 10, 2014—Before the court for disposition is the motion for partial summary judgment filed on behalf of plaintiff, Kathryn M. Knaus, which

argues that plaintiff is entitled to summary judgment on the issue of liability in a motor vehicle accident where it is uncontroverted that defendant crossed over into plaintiff's lane of travel, striking plaintiff's vehicle head-on. Plaintiff contends that as a matter of law defendant violated the assured clear distance ahead rule and that her unexplained presence on the wrong side of the road requires a finding of negligence *per se*.

This case arises from a motor vehicle accident which occurred on February 19, 2013 on Route 422 near Slippery Rock Township, Lawrence County. At the time of the accident the defendant, Jennifer McBeth, was operating a wheelchair van owned by the defendant Pennsylvania Medical Transport, Inc. in a westerly direction on Route 422. The parties have stipulated that at the time of the accident McBeth was the agent and servant of defendant Pennsylvania Medical Transport, Inc. As the plaintiff was travelling in the eastbound lane on Route 422, the defendant's vehicle approached in the westbound lane. The defendant lost control of the wheelchair van, slid across the centerline of the three lane highway and collided head-on with the plaintiff's vehicle in the eastbound lane. Plaintiff claims to have suffered injuries as a result of the accident.

On September 4, 2013, the plaintiff commenced this suit by filing a complaint averring a claim of negligence. The plaintiff asserts that at the time of the accident McBeth carelessly and negligently operated the Pennsylvania Medical Transport, Inc's van so as to cause and permit the van to slide out of control on State Route 422, cross over into the eastbound land and collide violently with the front of plaintiff's vehicle. After the parties participated in discovery, the plaintiff filed this motion for partial summary judgment on the issue of liability claiming that McBeth

violated the assured clear distance ahead rule because McBeth cannot explain her presence on the wrong side of the road and that such violation constitutes negligence *per se* and plaintiff is entitled judgment as a matter of law on this issue. Defendant argues that plaintiff's contention that McBeth violated the assured clear distance ahead rule and that such violation was negligence *per se* must fail because there is no evidence that McBeth violated any applicable standard of care and/or breached any duty owed to plaintiff as defendant has offered an explanation for her presence in the wrong side of the road through no fault of her own. As such, defendant asserts plaintiff's motion for partial summary judgment must be denied.

The purpose of the summary judgment rule is to eliminate cases prior to trial where a party cannot make out a claim or defense after the relevant discovery has been completed. *Miller v. Sacred Heart Hospital*, 753 A.2d 829 (Pa. Super. 2000). Any party may move for summary judgment in whole or in part as a matter of law whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report or if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury. Pa.R.C.P. No. 1035.2.

Summary judgment may be granted only in cases where it is clear and free from doubt that there is no genuine issue as to any material fact and that the moving party is entitled to a summary judgment as a matter of law. *Kafando Erie Ceramic Art Co.*, 764 A.2d 59, 61 (Pa. Super. 2000)(citing *Rush v. Philadelphia Newspapers, Inc.*, 732 A.2d 648,

650-651 (Pa. Super. 1999)). A material fact, for summary judgment purposes, is one that directly affects the outcome of the case. *Gerrow v. Silicones, Inc.*, 756 A.2d 697 (Pa. Super. 2000).

When determining whether to grant a motion for summary judgment, the court must view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. *Hughes v. Seven Springs Farm Inc.*, 563 Pa. 501, 752 A.2d 339 (2000); *Dean v. Commonwealth Department of Transportation*, 561 Pa. 503, 751 A.2d 1130 (2000). Summary judgment is proper only when the uncontroverted allegations in the pleadings, depositions, answers to interrogatories, admissions of record, and submitted affidavits demonstrate that no genuine issue of material fact exists, and that the moving party is entitled to judgment as a matter of law. *P.J.S. v. Pennsylvania State Ethics Comm'n*, 555 Pa. 149, 153, 723 A.2d 174, 175 (1999); *Basile v. H&R Block*, 761 A.2d 1115 (Pa. Super. 2001); *Kuney v. Benjamin Franklin Clinic*, 751 A.2d 662 (Pa. Super. 2000); *Stevens Painton Corporation v. First State Insurance Company*, 746 A.2d 649 (Pa. Super. 2000).

Only when the facts are so clear that reasonable minds cannot differ, may the trial court properly enter summary judgment. *Basile, supra.* If there are no genuine issues of material fact in dispute or if the non-moving party has failed to state a prima facie case, summary, judgment may be granted. *Dudley v. USX Corporation*, 414 Pa. Super. 160, 606 A.2d 916 (1992). Thus, a proper grant of summary judgment depends upon an evidentiary record that either (1) shows the material facts are undisputed or (2) contains insufficient evidence of facts to make out a prima facie cause of action or defense. *Rauch v. Mike-*

*Mayer*, 783 A.2d 815 (Pa. Super. 2001). The trial court must confine its inquiry when confronted with a motion for summary judgment to questions of whether material factual disputes exist. *Township of Bensalem v. Moore*, 152 Pa.Cmwlth. 540, 620 A.2d 76 (1993). It is not the function of the Court ruling on a motion for summary judgment to weigh evidence and to determine the truth of the matter. *Keenheel v. Pennsylvania Securities Commission*, 143 Pa.cmwlth. 494, 579 A.2d 1358 (1990).

In order to establish a cause of action in negligence, a plaintiff must prove the following four elements: (1) a duty or obligation recognized by law; (2) a breach of that duty; (3) a causal connection between the conduct and the resulting injury; and (4) actual damages. *Jones v. Levin*, 940 A.2d 451 (Pa. Super. 2007). Originally a common law principle, the assured clear distance ahead rule is codified in the vehicle code, 75 Pa.C.S.A. §3361, which provides, inter alia, that "no person shall drive a vehicle at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing, nor at a speed greater than will permit the driver to bring his vehicle to a stop within the assured clear distance ahead." Under the assured clear distance rule, a driver must have his vehicle under such control and operated as such a speed so as to be able to safely stop within the assured clear distance ahead. *Brown v. Schriver*, 254 Pa. Super. 468, 386 A.2d 45 (1978). It is fundamental that a driver must consider the condition on the roadway while driving, and regulate his speed and control his vehicle at all times. *Enfield v. Stout*, 400 Pa. 6, 161 A.2d 22 (1960). Otherwise stated, the rule requires that such control be maintained as will enable a driver to stop and avoid obstructions that fall within his vision.

In plaintiff's brief in support of her motion for partial

summary judgment, plaintiff cites two Pennsylvania Superior Court cases which support her argument that when a defendant cannot explain his or her presence on the wrong side of the road, the plaintiff is entitled to summary judgment on the issue of liability, in *Krupa v. Williams*, 316 Pa. Super. 408, 463 A.2d 429 (1983), Plaintiff John Krupa and his teenage son were driving north on Route 8 in Butler County when defendant Lawrence Williams, who was driving southbound on Route 8, crossed over the center line and collided head-on with plaintiff's vehicle in the northbound lane. Plaintiff and his teenage son suffered severe injuries as a result of the accident. Plaintiff filed suit against defendant on a claim of negligence. At trial, the court issued a directed verdict on the issue of liability in favor of plaintiff. Defendant appealed and the Superior Court found that the inference from the testimony that the debris was found entirely on the northbound lanes is that the impact between the plaintiff and defendant's vehicles occurred in the northbound lanes. *Id.* at 416, 463 A.2d at 433. The court found that the conclusion is inescapable that defendant was on the wrong side of the road, placing him in violation of the rules of the road. In "wrong side of the road" fact situations, unless the defendant can explain his presence in the wrong lane, negligence can be inferred. *Id.* quoting *Fair v. Showball Express, Inc.*, 226 Pa. Super. 295, 310 A.2d 386 (1973). The court found that defendant did not present any evidence to controvert the conclusion that he was on the wrong side of the road. At trial, defendant testified that he recalled being in his own right lane then a glare blinded him and did not know where he was at the moment of impact. Evidence in the case indicated the glare came from plaintiff's headlights as defendant left his lane. The court found that although a driver who is where he is supposed to be and is blinded by a glare might not be negligent in a collision, this rule can

hardly apply to a situation where the glare results from the driver's own negligence in being in the wrong lane. *Id.* at 417, 463 A.2d at 433. *See Cf. Maranca v. Philadelphia,* 394 Pa. 531, 147 A.2d 413 (1959). Although defendant's testimony on his own behalf, that he was in his own proper lane when blinded by the glare, is entitled to be regarded favorably in considering a directed verdict, nevertheless, the court found that defendant did not present any facts on which a jury could have found in his favor, *Id.* While the defendant argued that where plaintiff's proof rests entirely on oral evidence the case must go to the jury, even if defendant does nothing to rebut it, because the credibility of such evidence is for the jury to determine, the court found that the oral evidence rule had no application to the case because plaintiff's proof established physical facts, not contradicted, from which defendant's presence on the wrong side of the road was the only possible conclusion. *Id.* The plaintiff's proof at trial included skid marks from the plaintiff's car, the location of debris from the damaged cars and the position of the cars following the impact. *Id.* The court concluded that "oral evidence which establishes uncontroverted physical facts which demonstratably govern the facts may be a basis for a directed verdict." *Id., see also Hartig v. American Ice Co.,* 290 Pa. 21, 137 A. 867 (1927). Thus, the Superior Court found that where defendant did not present any facts on which the jury could have found in his favor, trial court was correct in directing verdict against defendant on the issue of liability.

A similar result was reached in *Bohner v. Stine,* 316 Pa. Super. 426, 463 A.2d 438 (1983), where defendant admitted that his vehicle skidded into the oncoming lane of traffic and struck plaintiff's vehicle. At trial, the jury returned a verdict in favor of the defendant. In post-trial motions the plaintiff argued that the jury was not properly

advised that skidding on a wet roadway is not, in and of itself, justification for crossing the center line; and, that the trial court's instructions regarding the shifting of the burden of proof to defendant who crossed the center line was misleading. *Id.* at 431, 463 A.2d at 440. The trial court denied plaintiff's motion for a new trial. On appeal, the superior court reversed and remanded for a new trial finding:

> There is no dispute as to the basic facts herein. The evidence offered by [defendant] at trial to justify the fact that his vehicle skidded into the oncoming lane of traffic, however, is insufficient to sustain a finding of no negligence. This determination is premised upon the legal maxim that a driver crossing the center line of a roadway, and thereafter causing a collision, is negligent *per se. Kenworthy v. Burghart,* 241 Pa. Super. 267, 282, 361 A.2d 335, 343 (1976). The only evidence offered by [defendant] in an attempt to meet his burden of proof was that the road was wet., the car in front of him suddenly slowed down to make a turn, and there were wet leaves in certain placed on the road.

*Bohner v. Stine,* 316 Pa. Super. at 436-37, 463 A.2d at 443. The court found that the condition of the roadway must be considered by a driver regulating his speed and controlling his vehicle. *See* 75 Pa.C.S.A. §3361. Furthermore, under the assured clear distance rule, a driver must have his vehicle under such control and operate it at such a speed as to safely stop within the assured clear distance ahead. *See Brown v. Schriver, supra.* The sudden slowing or stopping of a vehicle ahead must be anticipated. *See Kmetz v. Lochiatto,* 421 Pa. 363, 219 A.2d 588 (1966).

The *Bohner* Court noted testimony by the investigating officer that immediately after the accident defendant

admitted to panicking and hitting his brakes harder than he had to, thereby losing control of his automobile on the wet roadway, *Id.* at 436-37, 463 A.2d at 443. Defendant did not deny making that statement when asked about it during cross-examination. The *Bohner* Court, after a review of all of the trial evidence relevant to the reasons for the skidding of defendant's car, determined that the verdict for defendant was against the weight of the evidence. *Id.* Thus, the decision of the trial court was reversed and a new trial was granted.

In the instant case, the record shows that the accident occurred when the defendant's vehicle traversed the center lane of traffic and entered into the plaintiff's lane of traffic where it collided head-on with the plaintiff's vehicle. According to defendant's deposition testimony, when asked if she knew what caused her van to fish-tail and enter plaintiff's lane of traffic defendant stated in her opinion is was black ice. She testified that after the accident she did not go and inspect the road to check see if in fact there was black ice on the road and is only basing her opinion on how her car handled on that portion of the road. Defendant stated that she did nothing to cause her car to enter the opposite lane of traffic so it is her assumption that she hit black ice with her back tires and that is what caused her van to hit plaintiff's vehicle head-on in the opposite lane. Plaintiff contends the facts in this case are similar to the facts in *Krupa v. Williams, supra.* and *Bohner v. Stine, supra,* wherein the court in each of those cases found that in "wrong side of the road" fact situations, unless the defendant can explain his or her presence in the wrong lane, negligence can be inferred. Here, there is no dispute that the collision took place in the plaintiff's lawful lane of traffic and according to defendant's testimony, she is unable to offer any justification or reason for striking the

plaintiff's vehicle head-on except her "belief" that she may have skidded on black ice, which is not supported by any evidence in the case that such black ice existed.

Defendant argues that the facts in this case are clearly distinguishable from the facts in *Bohner v. Stine, supra.* and *Krupa v. Williams, supra.* because defendant testified there was no sudden slowing or stopping of a vehicle in front of the defendant at the time of the accident, therefore, she did not violate the assured clear distance ahead rule and there can be no negligence as a matter of law. Moreover, defendant contends that her testimony is more than sufficient to support a finding of no negligence where she testified that her presence on the wrong side of the road was due to the rear of her vehicle hitting a patch of black ice that was camouflaged on the snow covered roadway after she cautiously reduced her speed to less than 30 mph. Further, defendant argues that it readily apparent that she considered the snow and icy conditions on the roadway by driving her vehicle at a careful and prudent rate of speed that was reasonable under the circumstances. As a result, defendant asserts that plaintiff has failed to set forth any evidence showing that the sliding of defendant's van into oncoming traffic was a result of any negligent operation on her part, and thus has failed to meet the burden required to establish negligence *per se.*

The court concludes that the based on the evidence, the court must find that defendant is negligent as a matter of law because the defendant is unable to offer any justification for striking the plaintiff's vehicle head-on on the wrong side of the road, despite defendant's belief that she may have skidded on black ice immediately before the accident. This determination is based upon the legal principle that a driver crossing the centerline of a roadway, and thereafter causing a collision, is negligent *per se. See*

*Farreli v. Marko*, 349 Pa. Super. 102, 502 A.2d 1293 (1985)(holding that a driver who crossed the centerline of a roadway thereby causing a collision is negligent per se unless he can prove by a fair preponderance of the credible evidence that his vehicle was there through no negligent conduct on his part); *Matkevich v. Robertson*, 403 Pa. 200, 203, 169 A.2d 91 (1961)(holding that proof of a wrong side of the road collision shifts the burden of justification to the defendant). The only testimony in this case offered by the defendant in an attempt to meet her burden of proof was that she believes she may have hit a patch of black ice which caused her to lose control of her van and strike plaintiff's vehicle in the opposite lane of traffic. The defendant's testimony is nothing more than speculation and cannot overcome her burden to prove that she was on the wrong side of the road though no negligent conduct on her part. Her effort to explain her presence on the wrong side of the road is no different that the failed attempts in *Krupa* (alleged blinding glare from headlights) and *Bohner* (suggestion of leaves on a wet roadway). Thus, because defendant cannot explain her presence on the wrong side of the road with evidence, she must be found to be negligent as a matter of law and plaintiff is entitled to summary judgment on the issue of liability.

Lastly, defendant argues that plaintiff failed to exercise reasonable care in the operation of her vehicle and that Plaintiff's conduct was the factual cause of the accident. However, no evidence has been placed before the court from which an inference of negligence may be made. Although defendant asserts that plaintiff failed to apply her brakes, the evidence shows that plaintiff was traveling in her proper lane of travel when defendant McBeth suddenly and without warning traveled into plaintiff's lane striking plaintiff head on. There is no evidence that

plaintiff had any opportunity to avoid the accident or that plaintiff otherwise caused the accident.

For the foregoing reasons, plaintiff's motion for partial summary judgment on the issue of liability is granted.

ORDER OF COURT

And now, this 10th day of November, 2014, for the reasons set forth in the accompanying opinion of even date herewith, it is ordered, adjudged and decreed that plaintiff's motion for partial summary judgment on the issue of liability is granted and judgment on the issue of liability is entered in favor of plaintiff and against defendants. Trial shall proceed on the issue of damages only.